## CREEL v. STATE.

(Division B. Oct. 10, 1938.)

[183 So. 510. No. 33351.]

W. T. Weir, of Philadelphia, for appellant.

160

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

In this case the appellant was indicted, tried and convicted of the possession of intoxicating liquor, and sentenced to pay a fine of $200 and costs. The evidence upon which the conviction was had was procured by a search of the premises of appellant. The affidavit upon which the search warrant was issued was made by A. N. Tucker, an officer of the county, before H. H. Wallace, mayor and ex officio justice of the peace of Carthage, Leake county, Mississippi; and recited that A. N. Tucker, who is known to be a credible person, upon his oath said that he had reason to believe, and does believe, that intoxicating liquor is being stored, kept, owned and controlled for the purposes of sale, in violation of law; and, second, that it was being sold or offered for sale in violation of law, in the residence, outhouse, barns, cribs, stalls, smokehouse, and in the fields, yard, garden and woods near the residence of Joe Creel in the second district of said Leake county, on section 11, township 10, range 7, in Leake county, Mississippi, more particularly described as ''about one mile west of Leake county courthouse,'' in violation of the laws of the state of Mississippi. It avers that this belief is not feigned of malice against Joe Creel, but upon credible information; whereupon affiant prayed for the issuance of a search warrant, which was issued upon the same date as the affidavit, the 21st day of January, 1937. On the evening of that day

the affiant, a constable of the district, and a deputy sheriff of the county, secreted themselves in a straw field near the home of Joe Creel, for the purpose of watching to see whether any customers entered the residence. After a time they returned to town; and on the following night again went to the residence of the defendant, Joe Creel, served a warrant upon him, made a search, and found two bottles of liquor; whereupon he was arrested and charges were preferred against him before the justice of the peace of the district in which he lived. He was tried, found guilty, and fined $100; from which sentence he appealed to the Circuit Court, where he was tried anew.

Upon being offered by the state, the testimony procured by search of the premises was objected to, principally upon the ground that the affidavit did not recite the word "good" as descriptive of the word "reason," making it read "has good reason to believe and does believe," instead of "has reason to believe and does believe." The appellant cites the case of State v. Watson, 133 Miss. 796, 98 So. 241, in support of this contention. What was there involved was the omission of the words, "and does believe;" and while the Court in that opinion said that the affidavit should state that the affiant had "good reason to believe and does believe," the question did not turn upon the words "has reason," or "has good reason," but upon the omission of the words "and does believe," holding that these words were essential. The statute uses the words, "has reason to believe and does believe." Hemingway's Code, section 2088. Such reason must amount to probable cause. In other words, there must be such reason as to cause one reasonably to conclude from the facts that the person suspected was possessed of intoxicating liquor. We do not think the omission of the word "good" is fatal to the affidavit and search warrant.

The appellant sought to inquire into the sufficiency of the officers' reason for making the affidavit. The court

held that since the justice of the peace issued the warrant upon the affidavit, he had adjudged the facts to be sufficient to constitute probable cause; and on the trial it was held that his judgment in this regard could not be inquired into subsequent to the issuance of the writ; and we have so held. Sykes v. State, 157 Miss. 600, 128 So. 753.

There is a difference between search upon probable cause without affidavit and warrant, such as searching a motor vehicle upon probable cause and without a warrant, and a case where a justice of the peace or other officer authorized to issue a warrant adjudges the existence of probable cause by issuing a warrant upon the affidavit. Where there is no warrant issued the question of whether there was probable cause is open to inquiry, and if the evidence upon which the officer acted in such case did not amount to probable cause, then the search would be illegal; but where an officer having authority to issue a warrant is charged with the duty of determining whether the information presented to him is sufficient to authorize such issuance, decides that it is sufficient, and issues the warrant, and evidence is found by reason of the search, then such evidence is admissible on the trial.

The judgment is therefore affirmed.

Affirmed.