SMITH *v.* STATE.

(Division B. Dec. 11, 1939.)

[192 So. 436. No. 33825.]

**C. O. Jaap, Jr.**, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorny-General, for appel-lee.

**Ethridge, P. J.**, delivered the opinion of the court.

Earl Smith, the appellant, was tried in the County Court of Hinds County on an affidavit charging him with the unlawful possession of intoxicating liquors. The case was appealed to the Circuit Court and the judgment of conviction was affirmed, and he was sentenced to pay a fine of $100 and serve thirty days in jail.

The evidence against him was procured upon a search warrant duly issued by a justice of the peace on the 14th day of May, 1938, but made returnable to the county court on the second Monday of July, 1938; and the fact that it was made returnable on the second Monday in July after being issued on the 14th day of May is relied upon as one of the grounds for reversal. The sheriff and constable, however, served the warrant on the 14th day of May, 1938, and found a large quantity of intoxicating liquors, which they seized in accordance with law, making an itemized list of the liquors in the return of the sheriff.

The premises described in the affidavit and search warrant, it is complained, is an insufficient description. The description of the place to be searched is described as follows: "in the dwelling house, outhouses, on the premises, in the automobiles or other vehicles used or occupied by, and on the person of Earl Smith ———— at ———— located on the Terry Highway about 250 yards south of city limits of Jackson and on the east side of said Terry Highway facing west in said County and State . . ." (State of Mississippi, County of Hinds.) It is urged that this description is insufficient and that there might be any number of places that would come within this description. The deputy sheriff who made the search testified that Smith's house was on the east side of the Terry Road, about 250 yards south of the city limits of Jackson on the Terry Road, Highway No. 51, and that there was no other highway to Terry. The constable who assisted in the search testified that there was another highway leading from the southern terminus

of Gallatin Street (City of Jackson) coming out into Highway No. 51 a short distance this side of Terry. In the testimony in behalf of Smith, it appeared that his house was located east of Highway No. 51, about 250 yards south of the city limits of Jackson; and, generally speaking, while Highway No. 51 leads to New Orleans from Jackson, it is known as the "Terry Road" in describing places between Terry and Jackson. We think the description in the affidavit and search warrant was sufficient to comply with the decisions of this Court heretofore rendered.

From the evidence of the officer making the search, it appears that the liquor was found in a house on the premises of Smith, separated from his residence and used partly for a garage, having two rooms for human habitation. In this building was found a large quantity of liquor, and also a telephone. The officer also testified that when they started to make the search of this house, the appellant asked them to give him a little time, that he had about $1,000 worth of liquor; and it would ruin or injure him if it were seized; and that he could dispose of it within an hour. The officer refused to comply with this request, and the appellant sent someone for a key to the room wherein the liquor was stored, but the deputy sheriff entered it before the return of the person sent for the key. The officer testified that he then asked them to let another person plead guilty and pay a $100 fine,— the person who occupied the house who had formerly been employed by him. This was also declined by the officers.

The appellant and his wife testified on the trial that this third party had a job and could pay the small rent; also, that he had rented the rooms in the garage and that the liquor belonged to him. It is argued that there should have been a verdict in favor of the appellant on this testimony. The statement made by the appellant to the officers at the time of the raid was sufficient to show, if believed to be true, that the liquor belonged to him and was

in his possession. We think the evidence is ample to support conviction.

In the course of his argument, the county attorney stated, "They say it was Vaughan's whiskey; why don't they bring Vaughan here to testify?" and the appellant moved for a mistrial because Vaughan was equally accessible to the State as to the defendant. The bill of exceptions does not show enough of the argument to indicate exactly what was said, but only quotes a brief sentence without showing the connection in which it was used. Counsel are allowed considerable latitude in argument, and we need to know, in passing upon particular points in the argument, something of the nature and extent of the argument. While it is true that it is improper to comment upon the failure of one party to produce a witness whose testimony is equally available to the other party, it is not every case of that kind that will secure a reversal. In the case before us, it is manifest that Vaughan might have declined to testify had he been subpoenaed by either party; and, had he declined, neither could have compelled him to testify. We are unwilling to reverse the case on account of this argument. However, care should be taken in the trial of cases to avoid errors of this nature.

The judgment is affirmed.