WALLACE *v.* STATE.

(In Banc. Dec. 9, 1940.)

[199 So. 78. No. 34185.]

J. H. Garth, of Hazlehurst, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

766

**McGehee, J.,** delivered the opinion of the court.

The appellant was convicted of the unlawful possession of intoxicating liquor, to-wit, whisky; whereupon, he was

sentenced to pay a fine of $350, and serve a term of ninety days in jail.

He owns and operates what is known as Sim's Place on U. S. Highway No. 51, two or three miles north of the City of Crystal Springs in Copiah County. In his place of business he keeps for sale coca cola and other soft drinks, cigarettes, chewing-gum, and sandwiches. On the night of Sunday, August 6, 1939, the sheriff of the county in company with two of his deputies went to this place armed with a search warrant and looking for intoxicating liquors. On arrival two of them took their stand behind the building in the dark and the other went out in front near the highway, from where they all watched the appellant deliver a package to the occupants of two or three automobiles in succession that came to the place for service. In each instance, he went to a place beside his driveway entrance, but on the right-of-way of the public highway, about twenty-one steps from his building, stooped over, picked up something and returned to the automobile of the customer and delivered what the officers termed a "package." The witnesses did not undertake to say that the packages contained whisky, but frankly admitted that they were unable to swear that they did contain whisky. Hence, the evidence may have been insufficient to establish a sale of whisky, if that had been the offense charged. But on the issue of possession, it was shown that within about ten minutes after the last delivery, the officers visited the place on the highway right-of-way, where the appellant had been seen to go, and found ten pints of whisky and some wine nearby. The testimony is that the appellant was seen at the place where the whisky was when he stooped over and picked up something each time before making the deliveries. It was therefore for the jury to say whether he visited the place where the whisky was located on the right-of-way to get any of the articles of merchandise which the evidence shows he kept only on the inside of the building for sale.

We are of the opinion that the proof was sufficient to show circumstantially that he was in the conscious control and possession of the "cache" of whisky found on the right-of-way, without regard to the lack of positive testimony as to what may have been in the packages delivered to the customers.

On the question of venue, we think that the testimony as a whole is sufficient to show that Sim's Place is located in Copiah County, Mississippi, where the indictment was returned and the conviction had.

Nor do we think that it was harmful error to permit the State to show that one in the possession of intoxicating liquors also had some wine about the premises.

Affirmed.