GRANTHAM *v.* STATE.

(In Banc. May 12, 1941.)

[2 So. (2d) 150. No. 34419.]

Edwards & Edwards, of Mendenhall, for appellant.

A. M. Byrd, Assistant Attorney-General, for appellee.

Alexander, J., delivered the opinion of the court.

Appellant was convicted of the unlawful possession of whiskey. Among other errors assigned is that the

verdict is contrary to the law and the evidence. The following incriminating testimony was before the jury in making up their verdict: Appellant was the operator of a place of business known as Green Cabin, located on Highway 49 just north of the town of Mendenhall. The sheriff and another officer, acting upon suspicion and prior information, secreted themselves near the place. About midnight appellant drove up in his car and stopped in front of Green Cabin, where he had a conversation with an associate in charge named Nichols. Shortly after appellant had driven away toward his home located nearby, another car from the same direction whence appellant had come was driven to the rear of the establishment, whereupon a negro named Coleman, there employed by appellant, went to the car and procured two cases of whiskey. He was in the act of taking them to the woods nearby when accosted by the officers.

The testimony, though denied by appellant, justifies a finding that the place known as Green Cabin had been leased by, and rent therefor paid to, appellant; that the negro Coleman was employed and paid by appellant to sell whiskey; that appellant was often at the place, and had been seen to receive a division of money from Nichols, and on at least one occasion had been seen to open the cash drawer and take money therefrom; that he was interested in the division of proceeds from a slot machine or nickelodeon therein installed; and that a federal liquor license was there held in the name of Nichols.

It is not necessary to seek for justification for affirmance of the judgment of conviction. Yet the indications, still abundantly present in this sort of cases, that special processes of reasoning should complicate the application of ordinary rules of evidence, suggest a reaffirmance of the common knowledge, judicially recognized, that they may, and indeed most often must, be proved by circumstantial evidence. The homely aphorism that the existence of fire is inferable from the presence of smoke has

achieved proverbial status because it consists with human experience and sound rules of relevancy.

If the circumstances detailed above do not warrant a verdict of guilt, there is left available, as the only alternative hypothesis, the theory that the negro employee of appellant was, at the latter's place of business and near his home, conducting an illicit liquor business along the public highway under the nose, but not under the eye, of appellant, whose approval he did not seek, and whose disapproval he did not fear. The trial jurors may well have seen fit to acquit appellant, not of the crime charged, but of a lack of business judgment in employing Coleman solely to vend chewing gum, cakes, and soda water—as was the testimony—and to find that appellant's admonition to him to "watch your business" was only figurative, and contained implications which save it from mere banality. They were likewise well within the bounds of permissible inference in detecting that the chief purpose and function of Coleman's employment was in insulating appellant against the more sordid and risky phases of the business, and in making all necessary contacts, not only with such customers as were wise, but also with such officers as were wiser. It is plain to see that the triers of fact took no pains to evade the impact of these incriminating circumstances upon their reason. To find otherwise in such cases is to decry such operators as ingenuous rather than ingenious. It would do injustice to the acumen of the modern so-called bootlegger, and unduly disparage his resourcefulness in keeping pace with available detection procedures, to expect that he would deign to make manual delivery of his wares when other hands may be hired for both the handling and the handcuffs, as eventualities may require. Under the rules of this nefarious game, the owner may give to prospective customers a wink, but not a drink. He may tell them, but not sell them. Such subtle collaboration must have been viewed by the jury as inconsistent with a complete

detachment from either the benefits or the burdens of such coalition.

An instruction which based appellant's responsibility upon the relation of master and servant did not misapply the civil doctrine of respondeat superior, but properly recognized that in criminal cases such relationship may constitute both as principals. Code 1930, sec. 769. See, also, 22 C. J. S. Criminal Law, sec. 90, p. 162. It merely authorized the jury to season their judgment with common sense, whereby it becomes apparent that under the ordinary terms of such employments the servant is sought to be made an agent as to the profits, but principal as to the penalty.

The admission by the trial court of evidence that the servant Coleman had on former occasions sold whiskey for appellant was not error. The testimony was relevant to show the fact and purpose of the employment, and that the possession of the whiskey here involved was with appellant's knowledge and consent, and under his direction. 33 C. J., pp. 613, 778, 779; 30 Am. Jur., pp. 452, 453, 480.

We have not made dissertation of our views upon a problem the solution of which is in other hands, but have, by assuming that such considerations may have commended themselves to the judgment of the trial jury, justified the conclusion that their verdict is not, as appellant contends, contrary to the law and the evidence.

Affirmed.