LEWIS *et al. v.* STATE.

(In Banc.  Oct. 8, 1945.)

[23 So. (2d) 401.  No. 35952.]

**C. F. Pittman,** of Hattiesburg, for appellants.

**Greek L. Rice**, Attorney General, by **Geo. H. Arrington**, Assistant Attorney General, for appellee.

**Smith, C. J.,** delivered the opinion of the Court.

Separate affidavits were filed in the County Court of Forrest County against Mattie Lee Lewis, Cornelius Henderson, and Matthew Nelson, alleging that each of them did have in his (or her) possession whiskey against the peace and dignity of the State of Mississippi. Over the objection of the defendants these cases were consolidated by the county court and tried together, but separate judgments of conviction were rendered against each.

On his motion for a new trial the county court set aside its judgment and the jury verdict against Cornelius Henderson and discharged him. The other two appealed separately to the circuit court, where the judgments against them were affirmed.

The evidence on which the appellants were convicted was obtained by means of a search warrant describing a lot owned by Mattie Lee Lewis, but she lived in a house on another lot separate from and not included in the one described in the search warrant. The sheriff who served this warrant found Matthew Nelson in the front room of the house described therein, who admitted that he lived there. A door leading from this room into an adjoining room was nailed and boarded up on the inside of the adjoining room. This door was broken down by the sheriff who then entered the room and found therein a lot of whiskey in bottles. Another door to this room, but which did not lead into the one occupied by Nelson, was locked. The sheriff then went across the alley to the house where Mattie Lee Lewis lived, arrested and searched her and found on her person a key which fitted the lock of the

door to the room in which the whiskey was found and with which the sheriff unlocked it. No other person is shown to have had a key to this lock. All of this evidence was objected to. The appellants' complaints are: (1) That the county court was without power to consolidate and try these cases together, (2) that all of them were entitled to a directed verdict of not guilty, and further (3) as to Mattie Lee Lewis that the search of her person, which resulted in the finding of the key to the lock of the room in which the whiskey was stored, was illegal and the evidence relative thereto was incompetent.

As to Matthew Nelson the evidence is wholly insufficient to support the verdict against him, for while he occupied one of the rooms of the house searched, the evidence disclosed that he had no access to the room in which the whiskey was found and there is nothing in the evidence to indicate that he had any connection whatever with this whiskey. Consequently the court below should not have affirmed the judgment against him but should have reversed it on the ground that the county court should have granted his request for a directed verdict of not guilty. Had the county court granted Nelson's request for a directed verdict it would not have been necessary for it to have submitted the case to the jury but it should have simply entered the verdict which it had directed the jury to find and rendered a judgment accordingly.

Had the circuit Court reversed this judgment its duty would have been under Sections 1616 and 1962, Miss. Code of 1942, to render the judgment which the county court should have rendered, and our duty here is to render such judgment as the circuit court should have rendered from which it follows that the judgment against Nelson will be reversed and a judgment will be rendered discharging him.

The arrest of Mattie Lee Lewis was illegal for the reason that the sheriff had no warrant therefor and she had not committed any crime in his presence, consequently the search of her person, by means of which the key to the

room containing the whiskey was found, was illegal and therefore the evidence obtained thereby should have been excluded. The judgment of the court below as to her will be reversed and (as to her) the cause will be remanded.

It will not be necessary for us to decide whether the court below committed error in consolidating and trying these cases together for the reason that error, if any therein, would result only in a reversal and remand of the case against Mattie Lee Lewis and the same result follows because of another error committed against her.

Reversed, Matthew Nelson discharged, and remanded as to Mattie Lee Lewis.