## WALKER *v.* STATE.

(In Banc.   Feb. 11, 1946.)

[24 So. (2d) 751.   No. 36018.]

E. L. **Dent** and **W. W. Dent**, both of Collins, for appellant.

**Greek L. Rice**, Attorney General, and **Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Walker was convicted of the unlawful possession of intoxicating liquor and appeals.

He contends that the evidence is insufficient to convict him, and that his request for a peremptory instruction in

292

the trial court should have been granted and that he should be discharged here.

A summary of the evidence is this: On August 28, 1945, the officers found in an open cotton field some three hundred yards from the home of appellant, where he and his family were residing, a ten gallon keg and two one gallon jugs of whiskey. The land upon which the whiskey was found belonged to appellant, but he had it rented on shares to one Malici Walker, who had a growing cotton crop thereon. It is not shown that Will Walker, the appellant, had anything to do with the land or the crop that year except that he did some plowing in that field, under an exchange-work arrangement with Malici, a month or two prior to the finding of the whiskey. It is further shown that Malici lived within a hundred yards of the place where the whiskey was found, and some five or six other families had their homes within a radius of two hundred to five hundred yards thereof. There is no evidence that any human foot prints led from appellant's house to the whiskey. There was some evidence there were a few footprints around the whiskey but that they led in another direction. Under this evidence there could be no conviction of appellant. The facts of this case readily distinguish it from Williamson v. State, 191 Miss. 643, 4 So. (2d) 220, and Quick v. State, 192 Miss. 789, 7 So. (2d) 887, and other similar cases.

Reversed and appellant discharged.