SELLERS *v.* CITY OF PICAYUNE.

(Division A.   Nov. 10, 1947.)

[32 So. (2d) 450. No. 36483.]

**Grayson B. Keaton**, of Picayune, for appellant.

Tate **Thigpen,** of Picayune, for appellee.

**Roberds, J.**, delivered the opinion of the court.

Sellers was convicted of the unlawful possession of intoxicating liquor under Section 2613, Code 1942, and appeals.

He urges, among other contentions, that the evidence is insufficient to support his conviction. Since we have

concluded he is correct in that contention we dicuss no other.

The question arises under these circumstances: On, and for some two years prior to April 9, 1946, Sellers operated in Picayune, Mississippi, a cafe. An eating counter extended east and west across a room. The west end of the counter joined the west wall of the building. There was a door in the west wall near and just north of the west end of that counter, through which door the public passed on entering the cafe. Upon this counter, and some two or three feet from the door, a cash register was kept and operated. Immediately behind this counter to the south and parallel with the counter, extending across the room, was an aisle or passageway some three or four feet wide. Immediately south of this way and extending across the room, except a door at the east thereof, was a solid wall, with shelving thereon, where canned goods, groceries, etc., were stacked for use in serving the public with food. Also, a coffee urn sat upon a shelf or stand near this wall. The aisle-way was used by the employees in getting the groceries from the shelves and pouring the coffee from the urn to serve the public and also to operate the cash register. At the end of this passageway to the west, and some two feet from the register, was what the witnesses termed a cabinet or filing case or locker.

About 6:30 in the evening of April 9, 1946, the officers made a search of this cafe, and found in that cabinet one and one-half pints of whiskey and one pint of gin. They arrested Sellers and he was convicted of the unlawful possession thereof.

This cafe remained open day and night. There were a number of employees. They worked in three shifts of eight hours each. Sellers and his wife were there only part of the time. In their absence, the cafe was operated entirely by the employees, one of whom would act as cashier and operate the cash register. Such operator sat upon a stool, thereby enabling her to obtain some

rest, and, therefore, the waitresses changed about in such operation. In the cabinet was kept change, time books, ration books, music records and reports. The waitresses also kept their purses in this cabinet while they were on duty. The cabinet was never locked and all of the employees had free access thereto. They frequently went into it to get their personal belongings. The operator of the register would get from this cabinet the needed change in such operation.

Appellant and his wife had been away the entire day of April 9th, purchasing groceries and supplies for the cafe, and had returned only about an hour before the search was made. Appellant, upon being handed a copy of the search warrant, told the officers they were welcome to search the premises. He and Mrs. Sellers testified unequivocally they did not own the liquor and did not know it was in the cabinet. Was this sufficient to convict Sellers of the crime?

This court has gone a long way in upholding convictions of unlawful possession of intoxicating liquor, but we have never gone to the extent of upholding this conviction, and we think we have gone far enough. The applicable cases, pro and con, are collected in 9 West's Miss. Digest, Intoxicating Liquors, Key No. 236 (6½).

In this case, numbers of people had access to the cabinet other than appellant, and it is affirmatively shown they did actually go in it daily and nightly, both in the discharge of their duties and for personal convenience. Into and through this room the public constantly came and passed. It is not shown that the cabinet had a lock, or, if so, who had keys thereto, but, on the contrary, it is shown that it was never locked and was open to all employees. Appellant and his wife are not impeached as witnesses. To hold appellant liable under the circumstances here would establish a precedent for the conviction of any operator of a store, office, or other public place of business in which a bottle of whiskey may be found, although it might have been placed therein by some

other person without the knowledge or consent of the operator. Appellant may be guilty but the burden is upon the State to establish his guilt under the rules, and in the manner required by law, and he is presumed to be innocent until that is done.

Reversed and appellant discharged.