BAYLIS *v.* STATE.

In Banc. June 12, 1950.

No. 37351 (46 So. (2d) 796)

**Earle L. Wingo,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Lee, J.**

W. C. Baylis was convicted by a jury in the County Court of Forrest County of unlawfully possessing intoxicating liquor, and was sentenced to pay a fine of $500.00 and serve 90 days on the county roads. The circuit court affirmed the judgment, and he has appealed here.

The first error assigned is that the county court should have sustained his plea to its jurisdiction.

This question arose in this way: The grand jury found and returned the indictment. A capias was issued, and the defendant was arrested and released on bond to a later day of the term. In about ten days, the circuit court, by proper order, transferred the cause to the county court. When it came on for hearing there at the return term, a plea to the jurisdiction was filed and overruled. This was proper. Section 1605, Code of 1942, authorizes such transfers; and Ex parte Tucker, 164 Miss. 20, 143 So. 700, is a complete answer to this contention.

The next assignment is that the court erred in overruling his motion for a new trial, one of the grounds being that the verdict was contrary to the great weight of the evidence. This necessitates a review of the evidence.

Two officers, Barnes and Lee, obtained a search warrant for the premises here involved. The occupants were alleged to be unknown. When they arrived at the place, the lights were on, and Baylis and a Mr. Knight were sitting in one of the rooms. Barnes testified that he asked Baylis who was in charge there or responsible for the place; and that Baylis replied that he was. Whereupon, Barnes handed him a copy of the search warrant. However, Lee testified that he heard this conversation, and his version was that, when Barnes asked who was in charge, Baylis said, "I am the only one here. I haven't got anything to do with it". The search revealed a substantial quantity of liquor. It was all found in other parts of the house—none of it being in the room where Baylis was seated. Barnes admitted that when he made the arrest, Baylis told him that he had no interest in the liquor.

Baylis was 61 years of age, and had not theretofore been convicted of any crime. He testified that Knight, a furniture dealer, had some furniture in this place not fully paid for; that Knight understood the owner had left; and, for that reason, requested that he accompany him to see about it. When they arrived, the lights were on and the place was open. He saw someone go around the yard, but nobody was in the house. They had been seated in the room for about 5 minutes, waiting for someone to come in, when the officers made their appearance. He arose and met Barnes as he entered, and Barnes handed him a paper which he did not even read. Knight immediately left the room; and, when Baylis later went outside, Knight had already taken his departure. Baylis admitted that he had been to this place once or twice before for the purpose of buying liquor, but he had not actually purchased any. When Barnes advised that he must make the arrest, Baylis said: "It looks like I am the only one left here."

Wally Culpepper acknowledged that the place was his; that he left a Negro in charge when he went away to the Sanitarium on account of tuberculosis; that he owed Knight money on the furniture; it was his whiskey, for which he offered to introduce the invoices; Baylis had no interest in the place or the liquor; and he came out of the hospital to testify because he did not want to see an innocent man prosecuted.

In viewing this case, two facts stand out: (1) There was no liquor found in the room where Baylis was seated. The State's proof does not show that Baylis exercised any kind of possession or control over the liquor. Romano v. State, 115 Miss. 192, 76 So. 141; Medlin v. State, 143 Miss. 856, 108 So. 177. Mere presence in the place was insufficient to establish guilt. Cook v. State, Miss., 94 So. 161; Tallent v. State, Miss., 119 So. 175.

If Baylis' story was untrue, the State could have impeached him with Knight. But Knight did not testify.

We are of the opinion that the version given by Baylis was reasonable and believable.

There was no request for a peremptory. However, we think the verdict was contrary to the great weight of the evidence; and that a new trial should have been granted.

Reversed and remanded.