HANSBROUGH v. STATE.

In Banc. Oct. 16, 1950.

No. 37532 (48 So. (2d) 120)

626

**T. J. Wills,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.**

Appellant was convicted for the unlawful possession of whiskey and appeals, assigning several grounds only one of which it will be necessary to consider. A considerable amount of whiskey was discovered in a room which formed a part of Englewood Club, a large building adjacent to the highway and commonly designated as a night club. It was used as a dance hall and a place of refreshment and allied entertainment. The liquor was found stored in one of the two rooms which had been rented to one Lee. These rooms furnished no access to the dance hall or other parts of the Englewood Club. The occupant of these rooms maintained same as a bedroom and living quarters for all of which he paid the sum of $20.00 per month to appellant. They had been so occupied by him for only five days prior to the discovery of the liquor therein under a search warrant. At the time of the search appellant was present, but denied any knowledge of the liquor. It was shown that he had loaned to the tenant a truck a few hours previously, but denied that he knew for what purpose the truck would be used.

Lee testified to the same effect and took full responsibility for the ownership and possession of the whiskey.

The case against appellant is therefore purely circumstantial, and the State stresses the following incidents as being incriminating: the ownership of Englewood Club and of the truck by appellant; the improbability

that appellant would not be aware of the purpose for which the vehicle was being used and the improbability that liquors would be stored previously upon his premises without his knowledge and consent; and the possession by appellant with another of a federal liquor license.

We are constrained to believe that the jury must have convicted appellant upon mere probabilities, and that the impeaching testimony of appellant's former conviction for the sale of liquor was charged against him upon the merits of the case rather than an impeachment of his credibility as a witness. We could well concede the probability of appellant's guilt, but are unwilling to contribute to the establishment of a rule by which an owner of premises must be held responsible for the actions of a tenant in the absence of any evidence other than his status as such owner. This case does not contain the features ,present in the border line cases of Brown v. State, 192 Miss. 314, 5 So. (2d) 426, and Grantham v. State, 190 Miss. 887, 2 So. (2d) 150, 151.

In the City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785, emphasis was placed upon the requirement that there must be a conscious possession by the defendant, and in Outlaw v. State, Miss., 43 So. (2d) 661, there was testimony that the defendant admitted ownership of liquors found in a room to which several persons had access. ██ █ The testimony in this case may excite suspicion, but does not rise to the degree sufficient for conviction.

Reversed, and appellant discharged.