REVETTE *v.* STATE.

Division A.   Nov. 13, 1950.

No. 37681  (48 So. (2d) 511)

**W. Vol Jones** and **Woodrow C. Jones**, for appellant.

**Joe T. Patterson,** Assistant Attorney General, for appellee.

**Ethridge, C.**

This is another in a long line of cases involving the issue of whether the State has shown by permissibly credible evidence that an accused was in the unlawful possession of intoxicating liquors.

Acting under a search warrant for appellant's premises, officers found a keg containing one gallon of whisky about 250 yards southeast of appellant's home and on the adjoining lands of his uncle. About 60 yards south of appellant's home and on his lands was a turkey pen from which a beaten, used path led to a small woodland pasture wherein the whisky was found. This path did not terminate at the situs of the whisky, but led on through the lot toward another field. It had been used regularly by a neighbor of appellant in going back and forth toward a field south of appellant's property. No evidence showed that appellant used the pasture where the whisky was found. In fact, the record indicates a common use of the pasture by various other persons driving wagons, a tractor, cows, and horses through it, and that it was criss-crossed with a number of trails. Moreover, the whisky was found within a few yards of a road to another field still further south, which road was used by a number of persons other than appellant. In the barn on the pasture lot were found some kegs containing dry

mash. This barn was rented by appellant's uncle to a couple who kept cows in it. Regular access to and use of the place where the contraband was found was in a number of persons other than appellant. Appellant was tried in the circuit court of Wayne County and convicted by a jury of the unlawful possession of intoxicating liquors.

In brief, the only evidence indicating possession by appellant was the beaten path from the turkey pen going by the place where the whisky was found, and the finding of ten empty kegs in a tool house on appellant's property. This remote circumstantial evidence is inadequate to submit to a jury, and the trial judge should have granted the request for a peremptory instruction for appellant.

The so-called "beaten path doctrine" should be confined in its application to a route which terminates at or near the contraband, coupled with a limited or no access to the premises by others, and to other relevant circumstances which might justify a jury in finding possession. The present case fails to meet those criteria. It is in accord with such cases as Walker v. State, 1946, 199 Miss. 289, (24) So. (2d) 751, and Sellers v. City of Picayune, 1947, 202 Miss. 741, 32 So. (2d) 450. In the Sellers case, for example, a large number of other people had regular access to the cabinet in the cafe of the defendant, and the Court observed that to hold appellant liable under such circumstances would establish a precedent for the conviction of many persons upon mere suspicion. In contrast was the factual situation in Chamblee v. State, Miss. 1950, 44 So. (2d) 415. In the present case there was not a sufficient quantum of circumstantial evidence offered by the State to make an issue for the jury as to whether or not these intoxicating liquors belonged to the appellant and were in his possession or under his control.

Reversed and appellant discharged.

## PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and appellant discharged.

**Kyle, J.**, took no part in the consideration and decision of this case.