McMILLIAN *v.* STATE.

Oct. 12, 1953

No. 38819 38 Adv. S. 13 67 So. 2d 290

*Clayton Lewis,* Philadelphia, for appellant.

*J. T. Patterson,* Assistant Attorney General, Jackson, for appellee.

ROBERDS, P. J.

This is another "beaten path" liquor conviction. Appellant says the testimony does not sustain the verdict that the whiskey was in his possession. This, in substance, is the evidence:

The sheriff, armed with a search warrant, and accompanied by a deputy and two city policemen, appeared at the residence of appellant situated some five miles northwest of Philadelphia, Mississippi. Appellant was not at

home. The sheriff served the warrant upon Mrs. McMillian and proceeded to make a search of the residence and the outhouses. In what he termed a "shed" he found two or three empty jugs. He thought, from his sense of smell, the jugs formerly had contained whiskey. The policemen roamed the open spaces. They detected an old log road extending south from the residence. This they followed to a wire fence, running east and west, which had been constructed across this road. About this point they noted a path, or trail, beginning at the fence and extending in a southwesterly direction into a sedge field some two hundred yards. They crawled under the fence and followed this trail. Along beside, or near it, and at the end thereof, where it "faded out," they found a total of fourteen gallons of whiskey. They conveyed this information to the sheriff, who got into his automobile and drove down the old road to the fence and viewed the scene. The wire fence was the south line of appellant's farm, consisting of 100 acres, and the fence was a quarter of a mile, or more, from the residence of appellant. The land where the whiskey was found did not belong to appellant. Also, it was shown that the owner of the land, and two or three other persons, lived as near, or nearer, to that place than did appellant, and the whiskey was as accessible, or more so, to these parties than to appellant.

The road had been made years before by hauling staves from a sawmill and originally extended some distance south, or southeast, from the wire fence, which appellant had constructed a year before, and which fence, of course, obstructed travel by vehicles along that road. That road ran from the residence of appellant through his pasture and near his pond and cultivated fields. The sheriff thought he detected tracks of vehicles other than his automobile along that road. However, a number of witnesses, who inspected and examined the road the next morning,

said no vehicle tracks were apparent upon it other than those made by the automobile of the sheriff.

The only other incident tending to connect appellant with the whiskey was that the policemen said as they went along this road they saw appellant some two hundred yards from his residence walking towards it from a southerly direction.

We have held that the finding of whiskey at the end of a beaten path on premises in the possession and under the control of accused, which path extends from the residence or place of business of accused to the whiskey, raises a presumption that the liquor is in his possession. Creel v. State, 183 Miss. 158, 183 So. 510; Smith v. State, 187 Miss. 96, 192 So. 436; Goss v. State, 187 Miss. 188, 192 So. 494; Wallace v. State, 189 Miss. 763, 199 So. 78; Williamson v. State, 191 Miss. 643, 4 So. 2d 220; Jenkins v. State, 207 Miss. 281, 42 So. 2d 198; McInnis v. State, 213 Miss. 491, 57 So. 2d 137; Brown v. State, 192 Miss. 314, 5 So. 2d 137. But where the whiskey is not found upon premises in the exclusive possession and control of the accused there must be additional incriminating facts connecting him with such possession, other than the mere finding of the whiskey, aided or unaided by a trail, to sustain a verdict of guilty. Lewis v. State, 198 Miss. 767, 23 So. 2d 401; Walker v. State, 199 Miss. 289, 24 So. 2d 751; Sellers v. City of Picayune, 202 Miss. 741, 32 So. 2d 450; Baylis v. State, 209 Miss. 335, 46 So. 2d 796; Hansbrough v. State, 209 Miss. 625, 48 So. 2d 120; Everett v. State, 209 Miss. 860, 48 So. 2d 511; Foster v. State, (Miss.), 49 So. 2d 258. As an illustration, in Walker v. State, supra, the whiskey was not found upon premises in control of Walker. It was upon the public highway, but it was only twenty-one steps from his cafe and the officers, from their hiding places, saw Walker go to the spot where the whiskey was hidden, gather up packages and deliver them to purchasers thereof. In Brown v. State, supra, the whiskey was about forty steps of the

back door of Brown's residence; a well beaten path led from that door to the whiskey, which was secreted upon lands belonging to a Mrs. Cross. However, the proof showed that the tracks leading to the whiskey were made by the same boots as those being worn by Brown. There was some testimony Brown was seen walking the path. Perhaps that is the most extreme case handed down by this Court upholding a verdict of guilty.

In the case at bar the whiskey was found over a quarter of a mile from the residence of appellant. It was not on his land. The path, or trail, was not on his land. Other people, including the landowner, lived as near, or nearer, to where the whiskey was found than did appellant. He was not seen near the path or the whiskey. That is not enough to sustain a conviction. We must recognize the age-old principle that every accused person is presumed innocent and, to sustain a conviction, must be shown to be guilty beyond a reasonable doubt. It is better that some guilty persons go free than to sacrifice these principles.

Reversed and appellant discharged.

*Kyle, Arrington, Ethridge* and *Lotterhos, JJ.,* concur.