NOBLES *v.* STATE.

No. 39519 January 24, 1955 77 So. 2d 288

828

*O. M. Oates,* Bay Springs, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was tried and convicted in the Justice of the Peace Court of Jasper County on an affidavit charging him with the unlawful possession of intoxicating liquor. He was sentenced to pay a fine of $150 and costs. On appeal to the circuit court, he was again tried and found guilty by a jury, and the court sentenced him to pay a fine of $500 and serve a term of ninety days in jail, suspending $200 of the fine and forty-five days of the jail sentence. He prosecutes this appeal, contending that the search warrant under which the evidence was obtained was void for the reason that it was made returnable to a past date, and that the competent evidence is insufficient to sustain the conviction.

The facts with reference to the search warrant are as follows: On May 9, 1953, Buford Bunch, a constable of Beat Three of Jasper County, found a negro lying drunk on the ground about one hundred yards from the home of the appellant. The constable arrested him and searched him and found a half pint of whiskey on him. The constable then went before the justice of the peace and made an affidavit for a search warrant to search the house, outhouses, and premises of the appellant for intoxicating liquor. The affidavit was made on May 9, 1953. According to the testimony of the constable, two search warrants were made out under the affidavit. The constable explained that he had no carbon paper, and,

therefore, made two originals of the warrant, marking one of them "copy". Both warrants were dated May 9, 1953 and returnable on May 7, 1953, a past date. The constable, with his father, Rocky Bunch, went to the home of the appellant and gave him one of the warrants which was returnable on May 7. He made a search of the appellant's home, outhouses and premises under the search warrant. He later, himself, changed the copy of the warrant which he had retained so as to make it returnable May 15. The appellant made a motion to exclude any evidence under the search warrant for the reason that it was void. This motion was erroneously overruled by the trial court. ██ █ In the case of Buckley v. State, 150 Miss. 808, 117 So. 115, this Court expressly held that a search warrant made returnable to a past date, an impossible date, was equivalent to making it returnable to a blank date and was void. This Court had theretofore held in the case of Powell v. State, 146 Miss. 677, 111 So. 738, that evidence procured by a search warrant with no return date thereon was inadmissible and that the search warrant was void. Notwithstanding the invalidity of the search warrant, the trial court permitted the introduction of evidence thereunder.

The testimony of the State consisted of the constable and his father. They went to the home of the appellant, and, after serving a copy of the search warrant on him, proceeded to search the house, outhouses, and premises. They found in the house a case of beer under the bed. They found on the outside of the house, in a smokehouse, in the yard, another case of beer. They found in the yard some broken and unbroken whiskey bottles. No whiskey was found in the house, or the yard, or in any of the outhouses, or on the premises of the appellant. The constable and his father testified that a path led from the back of the appellant's house to the fence which enclosed the appellant's premises, and that on the other side of the fence on land belonging to a Mr. Barefoot,

there was another path. They said the path from the back of the house to the fence was 42½ feet in length, and that they crossed the fence and followed a path over land belonging to a Mr. Barefoot for a distance of 197 feet where they found a jug containing some whiskey. They further testified that a path also led from the back of the house to the appellant's fence which separated the appellant's premises from the land of a Mr. Burnett, and that they crossed this fence, which was a distance of 42½ feet from the house, and followed a path on Mr. Burnett's land for a distance of 238 feet, where they found a bottle, or another jug, of whiskey.

The defendant denied that the whiskey belonged to him, and denied that there was any path leading from his fence either on the Barefoot land or the Burnett land to the point where the whiskey was found. It was also testified by the appellant and his witnesses that a mill employing some twenty-five or thirty people was located a short distance from the house of the appellant, and that just across the railroad from the appellant, there were four houses occupied by employees of said mill, and that the place where the whiskey was found was as accessible to others as it was to the appellant.

It is undisputed that the warrant as originally issued was made returnable to a past date. It is our opinion, therefore, that the search warrant was void and that all evidence procured thereunder was inadmissible and should have been excluded. ▇▇ ▇ Excluding this evidence, all that remains of the State's proof is that there was a path leading from the opposite side of appellant's fence over the Burnett tract to the place where the whiskey was found, and a path leading from the opposite side of appellant's fence over the Barefoot tract to the place where the whiskey was found. The whiskey, therefore, was not found on the premises of the appellant, and no presumption that the whiskey was his can be indulged. There was no proof of incriminating circum-

stances other than the finding of the whiskey on the property of another aided by a path or trail. In the case of McMillian v. State, 67 So. 2d 290, the Court said:

"We have held that the finding of whiskey at the end of a beaten path on premises in the possession and under the control of accused, which path extends from the residence or place of business of accused to the whiskey, raises a presumption that the liquor is in his possession. Creel v. State, 183 Miss. 158, 183 So. 510; Smith v. State, 187 Miss. 96, 192 So. 436; Goss v. State, 187 Miss. 188, 192 So. 494; Wallace v. State, 189 Miss. 763, 199 So. 78; Williamson v. State, 191 Miss. 643, 4 So. 2d 220; Jenkins v. State, 207 Miss. 281, 42 So. 2d 198; McInnis v. State, 213 Miss. 491, 57 So. 2d 137; Brown v. State, 192 Miss. 314, 5 So. 2d 426. But where the whiskey is not found upon premises in the exclusive possession and control of the accused there must be additional incriminating facts connecting him with such possession, other than the mere finding of the whiskey, aided or unaided by a trail, to sustain a verdict of guilty. Lewis v. State, 198 Miss. 767, 23 So. 2d 401; Walker v. State, 199 Miss. 289, 24 So. 2d 751; Sellers v. City of Picayune, 202 Miss. 741, 32 So. 2d 450; Baylis v. State, 209 Miss. 335, 46 So. 2d 796; Hansbrough v. State, 209 Miss. 625, 48 So. 2d 120; Revette v. State, 209 Miss. 860, 48 So. 2d 511; Foster v. State, Miss., 49 So. 2d 258."

Even if it be conceded that the testimony as a whole, including the testimony procured under the search warrant, was sufficient to support the conviction, it is clear to us that when the evidence illegally procured under the void search warrant is excluded, there does not remain sufficient competent evidence to establish the guilt of the appellant beyond every reasonable doubt and to the exclusion of every reasonable hypothesis of his innocence. In fact, all that remains of the State's case, so far as competent evidence is concerned, is that the whiskey in question was found on the land of another, and that a

path led from that whiskey to a fence which surrounds the appellant's premises. This of itself, in our opinion, is insufficient to support the conviction. Accordingly the judgment of conviction will be reversed and the appellant discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.