POPE *v.* STATE

No. 42032          December 18, 1961          135 So. 2d 819

*D. A. McLeod,* Mt. Olive; *W. W. Dent,* Collins, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McELROY, J.

The appellant, Pearlie Pope, was convicted in the Circuit Court of Covington County, Mississippi, for the unlawful possession of whiskey and was sentenced to serve ninety days in jail and pay a fine of $500. Sixty days of the jail sentence and $200 of the fine were suspended pending good behavior.

Armed with a search warrant describing the land where appellant lived, Constable Dale Minton proceeded to the premises. Appellant's being absent at the time, Minton served a copy of the warrant on Mrs. Pope and conducted a search of the premises. He found whiskey in a pasteboard box at the end of a trail leading from appellant's house. As unusual as it may have been for Covington County, Mississippi, there was an inch and a half to two inches of snow on the ground and the footprints, taken to be a man's, were plainly visible leading from the house to the cache and returning to the house. There were no footprints except this one trail and they could have only been made by some person walking from appellant's home to the whiskey and returning.

The testimony given by Constable Minton is to the effect that when he went to the home of Pearlie Pope, he was absent and therefore Minton served the search warrant, in compliance with the statute, on Mrs. Pope. He searched the home and found no liquor, but he notic-

ed footprints at the back doorsteps that led out by the barn to a fence about 280 yards. Twenty yards beyond this fence he found a box containing three half pints of whiskey. The same tracks led back to Pope's house. He stated that the tracks looked like a man's tracks, but that he couldn't tell whether or not they were Pope's tracks.

The family consisted of several children. Also living in the house was an old man described as "sort of feebleminded looking".

Minton testified that he did not know who had charge of the land beyond the fence.

At the conclusion of the State's evidence, the appellant made a motion to exclude the evidence offered on behalf of the State and to peremptorily instruct the jury to find the defendant not guilty for insufficiency of evidence to make out a case against the defendant. We believe that the motion should have been granted and the defendant should have been discharged.

██ █ The presumption is that liquor in joint possession of husband and wife is under control of the husband but this presumption gives way when there are other persons living in the home other than the family. It then becomes the duty of the State to prove that this whiskey was in the possession of the defendant.

McMillian v. State, 218 Miss. 264, 67 So. 2d 290 held that ██ █ "where the whiskey is not found upon premises in the exclusive possession and control of the accused there must be additional incriminating facts connecting him with such possession, other than the mere finding of the whiskey, aided or unaided by a trail, to sustain a verdict of guilty. Lewis v. State, 198 Miss. 767, 23 So. 2d 401; Walker v. State, 199 Miss. 289, 24 So. 2d 751; Sellers v. City of Picayune, 202 Miss. 741, 32 So. 2d 450; Baylis v. State, 209 Miss. 335, 46 So. 2d 796; Hansbrough v. State, 209 Miss. 625, 48 So. 2d 120; Everett v.

State, 209 Miss. 860, 48 So. 2d 511; Foster v. State, (Miss.), 49 So. 2d 258.''

We feel that the State did not meet the burden of proof imposed upon it, especially in a case of this nature where the evidence is purely circumstantial. The case is therefore reversed and the defendant discharged.

Reversed and appellant discharged.

*Lee, P. J.,* and *Kyle, Arrington* and *Rodgers, JJ.,* concur.