PATTERSON, Presiding Justice:
Billie Mae Baberson was convicted in the Circuit Court of Clay County for the manufacture of marijuana and sentenced to a term of years in the state penitentiary. He contends on appeal that the verdict was against the overwhelming weight of the evidence and that evidence introduced was inadmissible because the search warrant was invalid. We consider only the first contention and reverse.
On March 19, 1974, officers of Clay County traveled to the property of Baber-son and pursuant to a warrant searched his property. They found approximately 800 small marijuana plants about seventy yards behind Baberson’s house. The plants were in small containers which had been placed in two dresser drawers, a tin tub, and other nondescript vessels. There was no evidence that Baberson cultivated or otherwise tended the marijuana plants. The evidence connecting the defendant to the marijuana was totally circumstantial.
In the light most favorable to the state’s case it can only be said that Baberson leased a house from the rear of which a path extended to an old “dead field” some seventy yards away and that the marijuana was found in the brush adjacent to the “dead field.” There is testimony that Ba- *525 berson was on occasion seen on the path. There is no evidence placing him in close proximity to the brush in which the marijuana was found.
Two officers testified the dresser drawers in which some of the pot plants were found came from an abandoned dresser of similar color near Baberson’s house. Another container, a tin tub, was identified by the officers as having previously been in the possession of Baberson. The identity was possible because the tub, with three bullet holes in it, had been observed by the officers before in Baberson’s possession.
Both the witnesses for the state and the defendant testified the yard of the house was not fenced and other people had access to the premises. Baberson’s lessor testified the area he had rented to the defendant included the house and a small garden space, but did not include the “dead field” near which the marijuana was discovered.
There are numerous “beaten path” cases in our jurisprudence. Most are related to the illegal possession of intoxicating liquor. In McMillian v. State, 218 Miss. 264, 67 So.2d.290 (1953), the general rule is expressed as follows:
. where the whiskey is not found upon premises in the exclusive possession and control of the accused there must be additional incriminating facts connecting him with such possession, other than the mere finding of the whiskey, aided or unaided by a trail, to sustain a verdict of guilty. Lewis v. State, 198 Miss. 767, 23 So.2d 401; Walker v. State, 199 Miss. 289, 24 So.2d 751; Sellers v. City of Picayune, 202 Miss. 741, 32 So.2d 450; Baylis v. State, 209 Miss. 335, 46 So.2d 796; Hansbrough v. State, 209 Miss. 625, 48 So.2d 120; Revette v. State, 209 Miss. 860, 48 So.2d 511; Foster v: State, Miss., 49 So.2d 258. . . . (218 Miss, at 267, 67 So.2d at 291)
More recently, see Pope v. State, 242 Miss. 454, 135 So.2d 819 (1961).
We are of the opinion the evidence in this case does not meet the burden imposed upon the state to prove the guilt of the defendant beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis consistent with innocence.
REVERSED AND DEFENDANT DISCHARGED.
GILLESPIE, C. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.