HAWKINS, Presiding Justice, for the Court:
David G. Newell appeals his conviction in the Copiah County Circuit Court of the crimes of possession of more than one kilogram of marijuana and sale of more than one ounce of marijuana. For each conviction he was sentenced to eighteen years imprisonment and ordered to pay a fine of $15,000. Because we find that there was insufficient evidence of Newell’s possession of more than one kilogram of marijuana, we reverse his conviction of possession. However, his conviction of sale of more than one ounce of marijuana is affirmed.
FACTS
In view of our disposition of this case, we need only address the evidence pertaining to his conviction of possession. There is no merit to his other assignments of error.
On June 19, 1988, Mississippi Bureau of Narcotics officers executed a search warrant on the Natchez, Mississippi, residence of Mike Clark and seized slightly more than a quarter of a pound of marijuana and approximately $1,500. The officers questioned Clark about his supplier and Clark named David Newell. Clark agreed to work as a confidential informant for the State.
On June 23, 1988, Agent Wade Parham fitted Clark with a body mike/transmitter and Clark went to Newell’s residence in Copiah County in order to deliver money which he had received for selling marijuana for Newell. Parham had photocopied the bills so the serial numbers could be traced. Clark met Newell at Newell’s house and gave him the money. Clark then asked Newell if he had some more marijuana which he could sell and Newell told him that he might have some the next day.
On July 6, 1988, Clark called Newell from the Bureau of Narcotics office in Natchez in order to find out if Newell had any marijuana he could pick up. Clark and Newell used code words to arrange a meeting the next day. The next day, Clark was again fitted with a body mike and he drove to Newell’s house to get the marijuana. Parham and other officers listened to Clark’s and Newell’s conversation nearby. Clark knocked on the door and Newell told him that he did have some marijuana. Clark then asked for a quart of oil for his car and Newell told him that he had some oil in an old truck down by his bam. New-ell told Clark to walk down to the truck and get the oil and he would be back in a minute. As Clark walked toward the truck, he saw Newell walk toward the road in front of his house. Clark then told the officers over the body mike that Newell was walking toward the road.
When Clark returned with the oil, he saw Newell approaching from the road. Newell gave Clark a pound of marijuana in a plastic zip-lock bag and a trash bag. Clark told Newell that he only wanted a quarter of a pound but Newell said the marijuana had already been weighed and packaged in one pound bags. Clark testified that Newell said that he had one hundred pounds of marijuana for $850 per pound. Clark then left and gave the marijuana to the agents.
*1388 Agent Parham, Agent Tommy Squires and Copiah County Sheriff Tommy Jackson then obtained a search warrant to search Newell’s residence and its curtilage for marijuana. On July 8, 1988, the sheriff and several agents executed the search warrant. Narcotics Agent Dennis Wood walked down Newell’s driveway to Pleasant Hill Road and noticed a small logging road or path on the other side of Pleasant Hill Road. He walked down the path through thick vegetation until he noticed an old shed which was partially covered with vegetation. Inside, he found a fifty-five gallon drum which contained thirty-one plastic bags, each containing approximately one pound of marijuana. The shed was approximately 200-300 yards from New-ell’s house and was on land not owned by Newell. Newell was indicted upon two counts: one for possession of more than one kilogram of marijuana and another for the sale of more than one ounce of marijuana. Following trial, the jury returned a verdict of guilty on both counts, and New-ell has appealed.
LAW
There was ample evidence to support Newell’s conviction for the sale of marijuana and we need not address any of his assignment of errors thereasto.
Newell also argues that he was entitled to either a directed verdict or a peremptory instruction at the close of all evidence on the charge of possession of marijuana. We agree.
In Hammond v. State, we stated the standard of review to be applied when a defendant requests a peremptory instruction of not guilty:
The rule in regard to a peremptory instruction is the same in criminal and civil cases, the rule being that when all the evidence on behalf of the state is taken as true, together with all sound or reasonable inferences that may be drawn therefrom if there is enough to support a verdict of conviction, the peremptory instruction must be denied.
Hammond v. State, 465 So.2d 1031, 1035 (Miss.1985), quoting Cochran v. State, 278 So.2d 451, 453 (Miss.1973); see also Butler v. State, 544 So.2d 816, 819 (Miss.1989).
Since Newell did not have actual possession of the thirty-one pounds of marijuana, the State had to prove that he had constructive possession of it. In Pate v. State, we set forth the standard to be followed for determining questions of possession:
There must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control.
Pate v. State, 557 So.2d 1183, 1184 (Miss.1990), quoting Guilbeau v. State, 502 So.2d 639, 641 (Miss.1987). The Court in Pool v. State further delineated the proof required when a conviction is based on elements of constructive possession:
One who is the owner in possession of the premises ... is presumed to be in constructive possession of the articles found in or on the property possessed. This presumption is rebuttable, however, and does not relieve the State of its burden to prove guilt beyond a reasonable doubt. Thus, “where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.”
Pool v. State, 483 So.2d 331, 336 (Miss.1986), quoting Hamburg v. State, 248 So.2d 430, 432 (Miss.1971).
In Pate, a hotel maid found a bag of marijuana under the bed in the room in which the defendant had been staying the previous day. Pate, 557 So.2d at 1184. The defendant checked out of the room on January 16 and the maid found the bag on January 17. Id. After the maid found the bag and resumed cleaning the room, a black male entered the room and said he had returned to “get his stuff.” Id. The maid could not identify the defendant as the man who returned to the room. Id. Even though no one besides the defendant *1389 had been in the room since he checked out, the Court on appeal held that there was not sufficient evidence to link the defendant with the bag of marijuana. Id. at 1186-87. In Fultz v. State, an officer pulled the defendant over while he was driving his sister’s car and arrested him for drunk driving. Fultz v. State, 573 So.2d 689, 690 (Miss.1990). The officer searched the trunk of the car and found a duffel bag containing plastic bags of marijuana. Id. The officer later searched the defendant and found a plastic bag containing marijuana. Id. The Court noted that since the defendant was not the owner of the car, the State had to show additional circumstances to justify a finding of constructive possession. Id. The Court stated that the only additional circumstances shown by the State was the defendant’s possession of the plastic bag containing marijuana and held that this was not enough to constitute constructive possession of the duffel bag. Id. at 691.
In Campbell v. State, an officer stopped the car in which the defendant was a passenger upon learning that the driver had been involved in a shooting. Campbell v. State, 566 So.2d 475, 476 (Miss.1990). The officer searched the defendant’s purse and found a partially smoked marijuana cigarette. Id. The officer testified that he also noticed that when he arrested the defendant, she had a bulge in her pants but he did not search her. Id. The defendant was handcuffed and placed in the backseat of the officer’s car along with the driver of the other car. Id. After the defendant had been turned over to the jailer, the officer searched the backseat of his car and found a plastic bag containing rock cocaine. Id. The defendant was subsequently charged and convicted of possession of cocaine. Id. On appeal, the Court held that there was no evidence that the defendant exercised any dominion or control over the cocaine or that she was aware of the presence and character of the cocaine. Id. at 477. Therefore, the evidence failed to establish beyond a reasonable doubt that the defendant had constructive possession of the cocaine. Id. The Court in Sisk v. State held that testimony that the defendant was seen leaving his parents’ house two hours before officers searched the house and found marijuana was not sufficient to establish that the defendant was in constructive possession of the marijuana. Sisk v. State, 290 So.2d 608, 610 (Miss.1974); see also Nobles v. State, 222 Miss. 827, 832-33, 77 So.2d 288, 290 (1955); McMillian v. State, 218 Miss. 264, 267, 67 So.2d 290, 291 (1953).
Generally, in the cases where this Court has found that the defendant was in constructive possession of the contraband, there was either evidence that the defendant was in possession of the premises where it was found or that he exercised dominion and control over the premises. See Arnett v. State, 532 So.2d 1003, 1011 (Miss.1988); Boches v. State, 506 So.2d 254, 259 (Miss.1987); Guilbeau, 502 So.2d at 642; Pool, 483 So.2d at 337; Keys v. State, 478 So.2d 266, 268 (Miss.1985); Powell v. State, 355 So.2d 1378, 1379-80 (Miss.1978).
In this case, Newell did not own the land on which the barrel containing the thirty-one pounds of marijuana was found. The proof at trial showed that when Clark went to Newell’s house on July 7, 1988, to buy the marijuana, he asked Newell for some oil for his car. As Clark drove toward an old truck to get the oil, he saw Newell walk down his driveway toward Old Pleasant Hoad. When Clark returned to Newell’s house with the oil, he saw Newell walking back to his house either on Old Pleasant Road or his driveway. When Newell reached Clark, he had a plastic bag containing one pound of marijuana and he told Clark that he had a hundred pounds of marijuana.
This evidence does not pass muster. There is no evidence that Newell exercised dominion or control over the shed and there is no evidence that he even crossed Old Pleasant Road. Sheriff Jackson testified that he knew of no facts which would connect Newell with the barrel and there was no evidence from the crime lab which would tend to connect Newell with the barrel. The State contends that proof that Newell returned with a bag of marijuana which was packaged similarly to the bags *1390 found in the barrel is enough to link him with the barrel. However, this does not sufficiently link him to the barrel since he reasonably could have obtained this bag from another location.
Since there is insufficient evidence to establish that Newell possessed the thirty-one pounds of marijuana, his conviction for possession of more than one kilogram of marijuana is reversed.
COUNT I: CONVICTION OF POSSESSION OF MARIJUANA REVERSED AND SENTENCE VACATED. COUNT II: CONVICTION OF SALE OF MARIJUANA AND SENTENCE AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE,. P.J., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.