## ROMANO *v.* STATE.

### [76 South. 141, Division B.]

INTOXICATING LIQUORS. *Illegal possession. Evidence. Sufficency.*

A conviction of the illegal possession of liquors could not be sustained under the Laws of 1916, chapter 103, where the agreed statement of facts showed that an officer went to defendant's store and there caught a small boy carrying out a package containg unlawful quantities of liquor, which had been given him by a third party in the store other than the defendant and it was not shown that such third party had any connection with the store or with the defendant, or that defendant had any connection with the liquor.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIEN, Judge.

Vincent Romano was convicted of having possession of an unlawful quantity of intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Henry & Canizaro,* for appellant.

*Frank Roberson,* Assistant Attorney-General, for the state.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted and convicted for a violation of chapter 103, Laws of 1916, commonly known as the "quart" law, or the "Weakley" law. The indictment charged that the defendant "did unlawfully have in his possession at one time three one-half (3 one-half) pints of whisky and one one-half (½) of gin, the same being in different containers and being spirituous or intoxicating liquor." There was an agreed statement of facts, as follows:

"It is agreed by the district attorney and the counsel for the defendant, Messrs. Henry & Canizaro, that the following facts is the evidence and proof in this case. That the officers of the law went to the place of business of Vincent Romano, the defendant, for the purpose of making a raid and in search of malt, vinous, spirituous, intoxicating and alcoholic liquors; that as the officers approached the said place of business, that a small negro boy, about fourteen years old ran into the store, and when the officers went into the store or place of business of the defendant, that Mr. Vincent Guido, who was in the store, went up to the front door and called back the negro boy and handed him a package; that thereupon one of the deputy sheriffs called the negro boy back to the store, and found that the package handed him, the negro boy, by Mr. Guido, contained three half pints of whisky and one-half pint of gin; that thereupon, Mr. Vincent Romano was arrested and indicted for violating the Weakley law. The defendant runs a grocery store in the city of Vicksburg, and denies that he had the whisky and gin in his possession or had any knowledge about it; that Mr. Guido who gave the negro boy the package containing the whisky and gin was a friend and visitor of Mr. Romano. On the above agreed statement of facts the defendant made a motion for peremptory instruction, which motion the court overruled, and the defendant excepted."

There was a demurrer to the indictment. The demurrer was overruled, and the defendant duly excepted to the ruling of the court. In prosecuting this appeal, counsel for appellant assign as errors: First, the action of the trial court in overruling the demurrer; and, secondly, the refusal of the court to grant a peremptory instruction discharging the defendant.

Certain constitutional questions are discussed by counsel, but it is so manifest that the agreed facts do not make out a case that we prefer to waive all other questions, and simply to hold that no crime is shown to

have been committed by the defendant. The agreement itself acquits the defendant. Possibly the verdict of the jury should have been the oft-spoken one of "guilty, but not proven." If the facts had been developed by the introduction of the witnesses themselves, the defendant, the landlord, and operator of the grocery store might have been shown to have had some connection with the transaction. Under the language of the agreed statement of facts, however, it affirmatively appears that Mr. Guido, who handed the negro boy the package of liquors "was a friend and visitor" of the defendant, and, by necessary inference, Mr. Guido was in the store temporarily on a mission of his own. It is not shown that Mr. Guido had ever been a clerk or employee in the grocery store of defendant, or that, upon the occasion testified to, he had any rights in the business, or that he even had the permission of Mr. Romano to come into the store with the package of liquors. Neither Mr. Guido nor the negro boy is here indicted for violation of the law in question. We are not called upon to construe the statute until the liberty of some one depends upon it.

That the position of the court in the opinion here rendered may not be misunderstood, we call attention to the fact that, according to the proof, the defendant had nothing whatever to do with the liquor in question, and that we are not to be understood as holding that the proprietor of a store may convert his shop into a dumping place for the delivery of intoxicating liquors in violation of the statute.

The judgment of the trial court will be reversed, and judgment entered here, discharging appellant.

*Reversed.*