STATE *v.* HINTON.*

(Division A.   June 1, 1925.)

[104 So. 354.   No. 24837.]

1. INDICTMENT AND INFORMATION. *If language of statute is so specific as to give notice of act made unlawful and prevent its application to other acts, indictment by using words of statute is sufficient.*

139 Miss.—33.

In alleging a statutory offense in an indictment, the language of the statute or its equivalent must be used and where the language is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to other acts, it is sufficient to charge the offense by using only the words of the statute.

2. INDICTMENT AND INFORMATION. *Indictment for possession of integral part of still in language of statute held sufficient.*

An indictment under chapter 245, Laws of 1924, which prohibits the possession of an integral part of a distillery, commonly called a "still," charging the offense in the language of the statute, is sufficient, without describing the parts of the *still* with the possession of which the defendant is charged.

*Headnotes 1. Indictments and Informations, 31 C. J., section 260; 2. Indictments and Informations, 31 C. J., section 262; Intoxicating Liquors, 33 C. J., section 451.

APPEAL from circuit court of Washington county. HON. S. F. DAVIS, Judge.

Ed. Hinton was prosecuted for possession of an integral part of a still, and the state appeals from judgment sustaining a demurrer to the indictment. Reversed and remanded.

*J. L. Byrd,* Assistant Attorney-General, for the state.

The indictment is drawn under chapter 245 of the Laws of 1924, and the material part of the indictment is in these words: "Did have in his possession an integral part of a distillery, commonly called a 'still.'" The demurrer challenges the sufficiency of the indictment because the indictment fails to allege what integral part of distillery was in the possession of the defendant, and fails to describe the part of the distillery the defendant possessed.

So far as we have been able to find this is the first time this question has ever been raised in this court, and we have made diligent search for authority in other states but we fail to find where the question has ever been passed upon.

No brief .filed for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal by the state from a judgment sustaining a demurrer to an indictment. The indictment alleges in the language of chapter 245, Laws of 1924, on which the indictment is predicated, that the appellee "did have in .his possession as integral part of a distillery, commonly called a still," and the ground of objection thereto is that it does not allege what part of a still the appellee had in his possession.

In alleging a statutory offense, the language of the statute or its equivalent must be used, and "where the language is so specific as to give notice of the act made unlawful, and so exclusive as to prevent its application to other acts, it is sufficient to charge the offense by using only the words of the statute." 2 Miss Digest, 695; *Sullivan* v. *State,* 67 Miss. 346, 7 So. 275; *Rawls* v. *State,* 70 Miss. 739, 12 So. 584; *State* v. *Bardwell,* 72 Miss. 535, 18 So. 377; *Richburger* v. *State,* 90 Miss. 806, 44 So. 772.

The act made unlawful by this statute is the possession of any integral part of a still specific notice of which is set forth in the language thereof, which language excludes guilt from the possession of any article other than an integral part of a still; consequently the indictment is clearly within this rule.

*Reversed and remanded.*