### SMITH v. STATE.

(Division B.   Feb. 1, 1937.)

[172 So. 132.   No. 32464.]

**S. C. Mims, Jr.,** of Grenada, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted, tried, and convicted in the circuit court of Grenada county of the character of robbery as defined by section 1129, Code of 1930. He was sentenced to the penitentiary for a term of five years. From that judgment he prosecutes this appeal.

The indictment was demurred to on the ground that it charged no offense under the statute. The demurrer was overruled. That action of the court is the only ground relied on for a reversal. The statute is in this language: "Robbery—threatening letter demanding money, property.—Every person who shall knowingly send or deliver, or shall make, and, for the purpose of

being sent or delivered, shall part with the possession of any letter or writing with or without a name subscribed thereto, or signed with a fictitious name, or with any. letter, mark, or other designation, threatening therein to accuse any person of a crime or to do any injury to the person or property of any one, with a view or intent to extort or gain money or property of any description belonging to another, shall be guilty of an attempt to rob, and shall, on conviction, be punished by imprisonment in the penitentiary not exceeding five years.''

It will be observed that two of the essential elements of the offense are (1) parting with the possession of the writing, and (2) ''threatening therein to accuse any person of a crime or to do any injury to the person or property of any one.''

The parts of the indictment for consideration are as follows: ''. . . did then and there unlawfully, wilfully, feloniously and knowingly make and write a certain instrument of writing addressed and intended to be delivered to Henrietta Moore and then and there by the terms of said writing the same bore no signature and which said writing is in the following words and figures, to-wit: 'Henryetta: This is what you are to do on the night of March 31st which is Tuesday. Read this letter very carefully, so there will be no mistakes made. At 8:30 o'clock, you leave your house, and place this money, which is $150.00, under your front door step, and don't return until after 10:30 o'clock. Remember you will be watched from the time you leave home until you return but if you do as you are told there is nothing to be afraid of, and nothing more will be said about it. Before you put this money under your steps be sure it is in a box or bucket. And remember the time from 8:30 P. M. to 10:30 P. M. No one is supposed to be at your house.' ''

The indictment is defective in both of those essentials. It does not charge that appellant parted with the writ-

ing, and the letter itself contains no threat to accuse any one of a crime or to do any injury to the person or property of any one. The nearest to a threat in the letter is the statement that the person to whom it was addressed would be watched from the time she left her home until she returned, but if she would do as told there was nothing to be afraid of and nothing more would be said about it. That falls short. It is true it was not necessary to use the exact language of the statute in the indictment—its equivalent is sufficient. State v. Hinton, 139 Miss. 513, 104 So. 354; Richburger v. State, 90 Miss. 806, 44 So. 772; State v. Snowden, 164 Miss. 613, 145 So. 622; Wexler v. State, 167 Miss. 464, 142 So. 501. The trouble is the indictment uses neither the language of the statute nor its equivalent. If the language of the statute is not used, its equivalent must be. The definition in the statute must be the only necessary inference from the language used.

Reversed and remanded.