WARE *v.* STATE.

(Division B. Oct. 30, 1939.)

[191 So. 678. No. 33663.]

John D. Green, Jr., of Starkville, and Rush H. Knox, of Jackson, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**McGowen, J.,** delivered the opinion of the court.

John Ware, the appellant, was convicted of grand larceny and sentenced to serve a term in the State Penitentiary, from which he appeals. The facts necessary to state are as follows, and are undisputed, there being no other evidence than that of the prosecuting witness, McClain:

About the 9th day of August, 1938, Ware drove in an automobile to where McClain was living in the country between Eupora and Ackerman, Mississippi. He was accompanied by his co-defendant, Holt. Ware told McClain that he, Ware, had heard McClain had some money, and that he could show him how to make quick money. Thereupon the old man accompanied Holt and Ware in the car driven by them to Eupora, and was introduced to Price at the hotel (whose real name was Roberts), in the latter's room. In the conversations, the three co-defendants, Price (or Roberts), Ware, and Holt, represented to McClain, who was a man seventy-seven years of age, that Roberts had learned a trade in old Mexico from an old German whereby he could take a one dollar and five dollar bill and make two fives, or a one dollar and ten dollar bill, and make two tens. Roberts showed the old man in his room at Eupora how he could make money, and demonstrated with pans and chemicals, and the old man thought that they could do so. They undertook to sell the old man some such money, but he declined to engage in the scheme. Thereupon they told him that a good bill of money could not be used but once, and that they had used all their good bills in the former operations. In other words, they needed new "good bills" of money. They made an offer to him that if he would let them have good money, they would pay him a profit finally of $750 for the

use of $1500, assuring him that the money would be used in their device of changing or altering it in his presence. The old man finally fell for this scheme, and Holt drove him in an automobile to Columbus, Mississippi, and waited for him while he entered the Bank and obtained the money. McClain carried it in his pocket to the hotel in Starkville, where, in a room with Ware and Roberts participating, they went through the performance of changing money by taking his bills, which he had delivered to them for that purpose, and McClain testified they had represented to him that his identical money was to be returned to him plus $750 of good money. On the next morning he turned over his money to one of these men and they set about "raising" the denominated bills, as they said, by placing chemicals in a pan, wetting the money, and then placing the bills, as McClain thought, in a clamp, consisting of two wooden boards, and after all his money had, as he thought, been placed in the clamp (Ware participating in the operation), Roberts handed the clamp, fastened by bolts, to McClain and told him he would have to hold it intact for about two hours, whereupon the change of the money or the counterfeit of the money would become complete. Thereupon the two conspirators, John Ware and Roberts, told him they would go down and get some lunch and come back in a short time. They did not return. He remained in the room for a good many hours, keeping the wooden clamp in his lap or on the bed near him. At any rate, he secured a wrench downstairs, after many hours, loosened the bolts, and found clamped between the two boards blank paper. The money was gone, it was not there. In the performance of the scheme of changing the money, the pans, the chemicals, and the suitcase, from which the articles were withdrawn, by Ware or Roberts, were left in the room with him, and each of them was introduced in evidence.

He did not see the men again, nor was his money left there. It was not in the wooden clamps, nor .did they ever restore to him his money.

The witness frankly stated he was an old fool, and gave as his opinion that they furnished him with cigars, which he smoked freely, and which had been ''doped.'' The record shows that Ware was arrested in California a month or two later, and was brought back to Oktibbeha County for trial.

In the brief in this case, appellant refers, in his statement of facts, to the evidence which they assert was offered in the separate trials of Roberts and Holt. We shall consider only the evidence offered in the case at bar.

It is the contention that because McClain's money was taken in his presence, and with his consent, that therefore there was no larceny. We think there is no merit in the contention. He did not part with the title to or legal possession of his money. He intended that they, and they promised to, use the money in his presence, and they were to return to him his identical $1500. It was to be used only for the specific purpose which they had outlined to him, and convinced him could happen.

We are of opinion that under these facts this case is controlled by the case of Hanna v. State, 168 Miss. 352, 151 So. 370. The ''sleight of hand'' performance participated in by Ware deceived the old man and induced him to deliver physically the $1,500 in bills to Roberts. Ware was the main actor in bringing about this transaction. He was present in the room and assisted in the whole scheme from its initiation until the time the two left the room, and thereafter the money was missing, although they represented to McClain that his money was in the clamps. It was not there, so the jury could have reached no other conclusion but that when they left they took the money with them.

The appellant in this case is so clearly guilty of grand larceny that we decline to criticise or scrutinize the in-

structions given for the state in this case or the refused instructions. The facts of this case did not warrant the appellant in invoking a trespass doctrine. It was an undisputed completed crime of grand larceny, effected by clandestine and hidden methods. We find no reversible error in this record.

Affirmed.