## Harris *v.* State.

Oct. 12, 1953

No. 38820 38 Adv. S. 9 67 So. 2d 302

*Clayton Lewis,* Philadelphia, for appellant.

*J. T. Patterson,* Assistant Attorney General, Jackson, for appellee.

KYLE, J.

The appellant, Oscar (Lucky) Harris, was tried and convicted in the circuit court of Neshoba County on a charge of unlawful possession of intoxicating liquor, and was sentenced to pay a fine of $500 and serve 90 days in the county jail. From that judgment he prosecutes this appeal.

The appellant's attorney argues only one point as ground for reversal on this appeal, and that is that the court erred in overruling the appellant's motion for a directed verdict and in refusing to grant the peremptory instruction requested by the appellant at the conclusion of the evidence.

The State's evidence was procured during a search of the premises known as the Ko-Ko-Mo Club, about three and one-half miles west of the City of Philadelphia on State Highway No. 16, on March 28, 1952. The search was made by Curtis Chisolm, constable, Ollie Hardy, a deputy sheriff, and two special deputies, Ause Farrar and Beeman Hardy. When the officers arrived at the club house, the only person the officers found at the club house was the appellant, who was in the back of the building behind the counter. The constable asked the appellant about V. D. Dunn, who was the person named in the search warrant as the owner or occupant of the premises; and the appellant stated that Dunn had left the club house to go to his home a short time before the officers arrived, and before leaving had requested the appellant to stay there until he got back. The constable asked the appellant if he was in possession of the place, and the appellant stated that he was while Mr. Dunn was away. The constable served the warrant upon the appellant, and proceeded to search the building. He found in the building nothing but an ice box containing cold drinks and a music box in the dance hall. No intoxicating liquor was found in the building.

While the constable was in the building, the deputy sheriff and the two special deputies proceeded to search

the wooded area lying back of the club house, and there they found hidden among the leaves a short distance from an old ridge road and about 60 yards from the club house two cases of beer and three half pints of whiskey. At another place in the woods, about 50 yards from the old road and about 200 yards from the club house, the officers found 24 half pints of bonded whiskey in two holes covered over with leaves. Other quantities of moonshine liquor were found in the woods, bringing the total to 14 half pints of moonshine whiskey and 24 half pints of bonded whiskey.

V. D. Dunn, testifying as a witness for the appellant, stated that he was operating the place of business at the time the officers made the search; that he had gone to his home a short time before the officers arrived and had requested the appellant to stay there at the club house until he got back, and that the search was made during his absence. Dunn stated that he had leased the club house from Oscar Hailstock, who had leased the same from Halbert Ray. Ray appeared to be the owner of the property. The lease contract from Ray to Hailstock was introduced in evidence, and showed that the leased premises were described as "that certain building known as the Ko-Ko-Mo Club and the leased premises on which the same is situated, together with twelve feet each way from said club house," etc. Dunn stated that he knew nothing about the whiskey that was found in the woods south of the club house. He stated that the whiskey did not belong to him and that he had no control over it. He admitted that he left the door key with the appellant.

The appellant testifying in his own behalf stated that he had been in the club house about an hour when the officers arrived; that Dunn had requested him to stay there until he ran up home and came back; that he knew nothing about the whiskey that the officers found in the woods south of the club house, and that he did not know who it belonged to; that he was merely staying at the

club house while Mr. Dunn ran up home. On cross-examination he was asked about having the key and locking the door, and he said that Mr. Dunn told him the key was on the shelf and if he left before he got back to lock the door.

We think that the court erred in refusing to grant the peremptory instruction requested by the appellant. There was no proof that the appellant had any connection with the operation of the business carried on at the club house. The affidavit and search warrant alleged that Dunn was the owner or occupant of the premises described in the search warrant. The deputy sheriff testified that the information that he had was that Dunn was operating the place. Dunn himself testified that he was operating the place at the time the search was made. It was not shown that the appellant was working for Dunn or had ever been employed by Dunn or any of the former occupants to help operate the place, or that he had ever had anything to do with the operation of the place. No liquor was found in the building when the officers served the search warrant on the appellant, and there is nothing in the record to show that the appellant ever used the old road running southwardly through the wooded area where the liquor was found, or that he was ever seen in the wooded area. The mere presence of the appellant in the club house under the circumstances testified to by the witnesses was insufficient to show that the appellant was in possession of the liquor found by the officers in the woods back of the building. Romano v. State, 115 Miss. 192, 76 So. 141; Medlin v. State, 143 Miss. 856, 108 So. 177; Walker v. State, 199 Miss. 289, 24 So. 2d 751; Baylis v. State, 209 Miss. 335, 46 So. 2d 796; Revette v. State, 209 Miss. 860, 48 So. 2d 511.

 In the case of Williams v. State, 95 Miss. 671, 49 So. 513, the Court said: ''It is elementary law that a conviction may be had on circumstantial evidence alone when by it guilt is proven beyond a reasonable doubt; but it is

also elementary that, before such evidence can be said to prove guilt beyond a reasonable doubt, it must exclude every other reasonable hypothesis than that of guilt.'' This rule was first clearly announced in Algheri v. State, 25 Miss. 584, and has been uniformly adhered to.

▅▅ Conceding all that the officers testified to, we think that the proof was insufficient to sustain the conviction.

For the reasons stated above the judgment of the lower court is reversed, and the appellant is discharged.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Arrington, Ethridge* and *Lotterhos, JJ.,* concur.