JONES (HOBSON P.) *v.* STATE.

No. 39640 April 11, 1955 79 So. 2d 273

814

*Jackson & Ross,* Jackson, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

Holmes, J.

The appellant was indicted in the Circuit Court of the First Judicial District of Hinds County on a charge of grand larceny. The indictment charged that he did wilfully, unlawfully and feloniously take, steal and carry away $300.00 good and lawful money of the United States of America, of the value of $300.00, the property of L. C. Lipscomb. The appellant's trial resulted in his conviction and he was sentenced to a term of five years in the State penitentiary. From the judgment and sentence, he prosecutes this appeal.

The proof is undisputed. The appellant and Robert Conn, sometime in June, 1952, met Carl Matthews in Utica, Mississippi, and informed him that they had a scheme whereby they could make some money and that they were looking for prospects. They accompanied Matthews to Port Gibson, where Matthews introduced them to two Negroes, L. C. Lipscomb and his step-father, Jake Tarleton. There the appellant unfolded his scheme

and exhibited a small pasteboard box, and demonstrated how the box might be so manipulated as to double or triple money. Lipscomb and Tarleton were induced to meet Matthews, Conn and the appellant in Utica the next morning, and they went to Utica pursuant to such appointment. When they got there they were informed by Conn and Matthews that the appellant was in Jackson, and they were persuaded to come to Jackson for the purpose of meeting the appellant at the Robert E. Lee Hotel. Tarleton had $200.00 in money, and Lipscomb had $300.00. Conn, Matthews, Lipscomb and Tarleton came to Jackson in an automobile and stopped in front of, or by the side of, the Robert E. Lee Hotel. Conn went in the hotel to locate the appellant. In a little while, the appellant appeared and inquired of Tarleton and Lipscomb if they understood the deal, and they were then induced to pay the money to Jones, Tarleton paying him $200.00, and Lipscomb paying him $300.00. It was represented to them by the appellant Jones, according to the testimony of Lipscomb, which is undisputed, that the appellant wanted to get the serial numbers from the $300.00 which Lipscomb was induced to pay him, and that the same identical money, that is to say, the $300.00, would be returned to Lipscomb, plus three for one. Pursuant to this scheme, the $300.00 was paid by Lipscomb to the appellant, and Tarleton also paid the appellant $200.00. Matthews gave the appellant $200.00, which it later developed had been furnished to him by Conn in order to create the appearance that Matthews had faith in the scheme. The appellant, after getting the money, disappeared in the hotel, and when he did not return, the parties went to look for him, and they couldn't find him and did not again see him until they had reported the matter to the police, and they identified the appellant in a line-up at police headquarters in Jackson a day or two later.

The appellant contends that the proof is insufficient to convict him of the crime of grand larceny and

that the trial court, therefore, erred in denying his request for a peremptory instruction. The basis of this contention is that the proof is consistent with an hypothesis that would establish either grand larceny or embezzlement or obtaining money under false pretenses, and, therefore, as a matter of law, tends to establish neither of such charges, and hence is insufficient to establish the guilt of the appellant beyond every reasonable doubt. Even if it should be granted that the appellant's argument is correct in theory, it is not maintainable in this case because not supported by the proof. Essential elements are lacking in the proof to establish the appellant's guilt of either the crime of embezzlement or the crime of obtaining money under false pretenses. Embezzlement is the wrongful appropriation or conversion of property where the original taking was lawful or with the consent of the owner. 29 C. J. S., Embezzlement, Sec. 4, p. 672; Jackson v. State, 211 Miss. 828, 52 So. 2d 914.

■■ ■ In the case at bar, the proof shows that the original taking was effected by fraud and was, therefore, unlawful. Watson v. State, 36 Miss. 593. In cases of false pretense, it is essential that the proof show that the owner in parting with the property invests the recipient with the title thereto as well as the possession thereof. Courtney, et al. v. State, 174 Miss. 147, 164 So. 227; Fuller v. State, 72 So. 2d 454. ■■ ■ The undisputed proof in the case at bar shows that there was no intention on the part of Lipscomb to transfer to the appellant the title to the money which was delivered to the appellant. The money was delivered to the appellant in order that the appellant might take the serial numbers thereof, and with the express understanding that the identical money was to be returned to Lipscomb. Hence the proof in the case before us shows neither a lawful taking nor an intention on the part of Lipscomb to vest in the appellant the title to the money which was delivered to him, and,

therefore, the proof fails to establish either the crime of embezzlement or obtaining money under false pretenses.

■■ ■ On the other hand, the undisputed proof shows that the appellant obtained possession of the money by fraudulent means and with the felonious intent to deprive the owner thereof, and did in fact deprive the owner thereof, and thereby committed the crime of larceny. Watson v. State, supra.

Analogous to the case at bar is the case of Ware v. State, 186 Miss. 533, 191 So. 678. In that case, the defendant and others induced the complaining witness to part with $1,500 for the purpose of changing it into bills of larger denomination by a chemical process, upon the promise to return the identical money used, together with a sum of money as a profit for its use, and upon receiving such money the defendant disappeared with it. In that case the Court held the defendant to be guilty of grand larceny.

Likewise analogous is the case of Garvin v. State, 207 Miss. 751, 43 So. 2d 209, wherein this Court held that the proof established the crime of grand larceny. Accordingly, we have no difficulty in holding that the undisputed evidence in this case establishes beyond all reasonable doubt appellant's guilt of grand larceny, effected by fraudulent means, and in our opinion, the trial judge was correct in denying the appellant's request for a peremptory instruction.

■■ ■ It is next contended by the appellant that the trial court erred in granting to the State its requested instruction No. 1. This instruction informed the jury of the elements necessary to constitute the crime of grand larceny. It is argued by the appellant that the instruction is erroneous because it does not state that the taking of the money must be with the felonious intent of depriving the actual owner of the actual money which was delivered to the appellant by Lipscomb. We do not think that the appellant's criticism of the instruction is well-founded. The instruction defines the crime of grand lar-

ceny in conformity with Section 2240 of the Mississippi Code of 1942, and, in our opinion, was properly granted.

The appellant further complains of the action of the trial court in refusing to grant his motion for a mistrial because of claimed improper remarks of the district attorney in his argument to the jury. Objection to the remarks was promptly made by the appellant and sustained by the court, and the jury instructed to disregard the same. A special bill of exceptions was granted to the appellant setting forth the remarks of the district attorney and the court's ruling thereon. It is complained, however, that the court's remarks in sustaining the objection emphasized the prejudicial effect of the district attorney's argument. We deem it unnecessary to set out the remarks of the district attorney or of the court in ruling on the objection thereto. While we are of the opinion that the remarks of the district attorney were objectionable, we are further of the opinion that the court's remarks in sustaining the objection were not subject to criticism, and that the incident does not constitute reversible error.

Finally, it is contended by the appellant that the trial judge committed prejudicial error in himself examining and questioning at length Ben Thompson, a witness called on behalf of the appellant. The witness indicated in his testimony that he had been furnished $150.00 at one time and $250.00 at another to be given to Lipscomb with the understanding that Lipscomb was to get out of the way and not be a witness at the trial. The trial judge questioned the witness at some length in the apparent effort to develop the facts with reference to his claim that he had been furnished money to give to Lipscomb to get out of the way. A careful reading of the trial judge's examination of the witness reveals that there was nothing in the manner or method thereof to indicate the trial judge's opinion of the value of the witness' testimony, or to indicate the judge's opinion of such testimony. While we do not sanction

extended examination of a witness by the trial judge in all cases, this Court has recognized the right of the trial judge to examine a witness within limitations in order to clarify his testimony and to further develop the facts about which he is testifying, so long as the judge does not indicate his opinion of the value of such testimony or express any opinion with reference thereto. Breland v. State, 180 Miss. 830, 178 So. 817.

In the case of Griffin v. State, 171 Miss. 70, 156 So. 652, the Court said: "The circuit judge has an undoubted right to interrogate witnesses in the interest and for the purpose of developing the truth of the matter at issue, and he likewise has a discretion to determine when a necessity or propriety therefor exists." We are of the opinion that the trial judge, in the case at bar, did not exceed the limitations within which he was authorized to examine the witness.

Viewing the record as a whole, it discloses undisputed proof of appellant's guilt of the crime of grand larceny, effected by fraudulent means. The evidence reveals a nefarious scheme on the part of the appellant to prey upon credulous and unsuspecting persons, who, yielding to the temptation to acquire easy riches, became ready victims of appellant's perfidy. The appellant well deserved the punishment imposed upon him by the trial judge, and the judgment of conviction is affirmed.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.