.PATTERSON, Justice
(dissenting):
With deference to the majority of the Court, I dissent.
In reviewing this case we can look only to the evidence as reflected in the record before us, and not to the records of the separate trials of appellant’s co-indictees. Ware v. State, 186 Miss. 533, 191 So. 678 (1939).
Appellant’s appeal is based on the theory that the corpus delicti was not proved. In my opinion, the evidence was insufficient to sustain, a conviction. Proof of the corpus delicti is indispensable. Pitts v. State, 43 Miss. 472 (1870). The corpus delicti in a homicide case consists of the fact of death and the fact1 of criminal agency of another as the cause of dea,th. Watts v. State, 210 *888 Miss. 236, 49 So.2d 240 (1950), Pitts v. State, supra. In order to convict there must be shown also the accused’s role in the crime charged.
Circumstantial evidence may be used to prove the corpus delicti, as well as the accused’s part in the crime. Buford v. State, 219 Miss. 683, 69 So.2d 826 (1954), Perkins v. State, 160 Miss. 720, 135 So. 357 (1931), Pitts v. State, supra. Circumstantial evidence may by itself be sufficient proof of the commission of a crime on which to base a conviction. Harris v. State, 218 Miss. 259, 67 So.2d 302 (1953).
To justify a conviction, however, the circumstantial evidence must do more than create a suspicion of guilt.
In order to sustain a conviction by circumstantial evidence alone as to any essential ingredient or element of the offense, the circumstances proven must, not only be true in fact, but must be such as exclude every reasonable theory that the defendant is innocent. Dunbar v. State, 159 Miss. 603, 609, 132 So. 748, 749, 85 A.L.R. 520 (1931).
Or, as stated in the case of Pitts v. State, supra, 43 Miss. at 485:
For it is the exclusion of every other reasonable hypothesis than that of the guilt of the accused, that invests mere circumstances with the force of proof. * * *
Circumstantial evidence is described in the case of Algheri v. State, 25 Miss. 584, 589 (1853) as:
(A) species of evidence in the application of which the utmost caution and vigilance should be used.
A distinguished writer on the law of evidence has said, that “it is always insufficient, where assuming all to be proved which the evidence tends to prove, some other hypothesis may still be true, for it is the actual exclusion of every other hypothesis which invests mere circumstances with the force of truth. Whenever, therefore, the evidence leaves it indifferent which of several hypotheses is true, or merely establishes some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be.” 1 Stark, on Ev. 572 * * * the circumstances proved in this record against the accused, did not warrant his conviction. * * *
Under the evidence in the case at bar neither criminal agency as the cause of death nor appellant’s role in procuring the death were proved beyond a reasonable doubt. The State did not show by evidence that the death was not accidental, 2 Wharton, Criminal Evidence, section 872 (11th Ed. 1935), or due to the act of the deceased. Bourn v. State, 5 So. 626 (Miss.1889).
The fact that the death occurred as a result of a criminal cause or agency must be established by clear and unequivocal proof, and the causal connection may not be based on mere conjecture and speculation. So evidence which is fairly susceptible of the construction that death was accidental * * * is not sufficient. * * * 41 C.J.S. Homicide § 312 at pp. 15-16 (1944).
The fact that the deceased was seen alone and staggering near the railroad tracks shortly before his death and the very real possibility that he could have, without another’s criminal agency, fallen on the tracks and received fatal injuries solely as a result of the train’s impact, cannot be said to exclude every other reasonable hypothesis except that of the guilt of appellant.
Where the State relies heavily on circumstantial evidence, the rule is that the proof must not only be consistent with guilt “but must absolutely be inconsistent with any reasonable hypothesis of innocence.” Harris v. State, 153 Miss. 1, 8, 120 So. 206, 208 (1929).
*889 The vital differences between direct and circumstantial evidence cannot be ignored as is explained in the case of Permenter v. State, 99 Miss. 453, 463, 54 So. 949, 950 (1911).
Proof of guilt by circumstantial evidence consists in the proof of facts from which guilt is inferred. The fact of guilt is arrived at by process of reasoning and deduction from the proven facts. Where direct evidence is relied on to establish guilt, only one step is taken, namely, the facts are proven, which must show guilt beyond a reasonable doubt. But where circumstantial evidence is relied on, another step must be taken. In addition to proving the facts beyond a reasonable doubt, those facts must be such as to exclude, beyond a reasonable doubt, every other hypothesis than that of guilt. In other words, where circumstantial evidence is relied on, proof of the facts beyond a reasonable doubt of itself proves nothing, unless the inference deducible from the facts so proven excludes beyond a reasonable doubt every other hypothesis than that of guilt. * *
In my opinion it was not proved beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis either (1) that deceased met his death as the result of criminal agency or (2) that appellant was author of a criminal agency causing death.
When, as here, the evidence fails to show appellant’s guilt beyond a reasonable doubt, this Court has the right under Mississippi Code Annotated section 1536 (1956) to set aside a jury verdict and grant a new trial. See Jolly v. State, 174 So. 244 (Miss.1937). Although the question of guilt is an issue for the jury, where the verdict is against the weight of the evidence this Court may reverse the conviction and remand the case for a new trial. Heflin v. State, 178 So. 594 (Miss.1938). See also Conway v. State, 177 Miss. 461, 171 So. 16 (1936), and the dissenting opinion in Pegram v. State, 228 Miss. 860, 89 So.2d 846 (1956).
In my opinion the trial judge should have directed a verdict for the defendant at the close of the State’s evidence, as I am convinced the State did not prove the corpus delicti. I am also of the opinion, in view of the slight evidence introduced by the State, that at least the defendant is entitled to another trial before another jury.
SMITH, J., joins in this dissent.