284 So.2d 523 (1973)
Kenneth Ray GRANTHAM
v.
STATE of Mississippi.
No. 47467.
Supreme Court of Mississippi.
October 29, 1973.
J.C. Bell, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Special Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Kenneth Ray Grantham was convicted of embezzlement by the Circuit Court of Forrest County and sentenced to five years in the state penitentiary. He seeks reversal of this verdict and sentence upon two primary assignments of error, viz: The indictment does not charge a crime and there is no evidence to support the conviction.
The appellant is a cattle dealer who resides in Jacksonville, Texas. On March 27, 1972, he called Nolan McAndrews of this state and placed with him an order for the purchase of a load of cattle. In accord with this conversation McAndrews purchased thirty-four head of cattle at the Southeast Mississippi Livestock Farmers Association auction sale for Grantham. Since this number did not constitute a truck load, they were held on the association's premises near Hattiesburg until the following week when additional cattle were bought by McAndrews to complete the load. The purchase price was $8,303.06.
After the office of the association was closed for the day on the date of the last purchase, the cattle were loaded upon the truck of Gerald Todd with the aid of the association employees and transported to Grantham in Texas.
*524 The testimony of E.A. Robinson, office manager for the association, was that Grantham had called and informed him that he had engaged McAndrews to buy a load of cattle. He then stated that he advised Grantham that it would be necessary to pay for the cattle purchased prior to their removal from the sale premises and that Grantham accepted these terms. In spite of this conversation he stated the cattle were removed by Grantham without payment. He testified further that Grantham was indebted to the association for other cattle purchased by McAndrews. He was adamant concerning credit, stating:
Well we didn't authorize credit. He took credit, forced credit by not paying when he was supposed to. That was the reason why I specifically told him we had to have a check for this load.
He acknowledged there was nothing unusual about loading cattle after office hours and throughout the night following a sale.
Grantham admitted the telephone conversation with Robinson arranging for the purchase of cattle by McAndrews, but denied that he was advised to pay before removal. He testified that he was buying on an open account as he had done in the past. He admitted he received the cattle and paid Todd for transporting them to Texas though he did not recall whether Todd was engaged by McAndrews or himself. He stated the cattle were in his possession and remained unpaid for since there was some confusion concerning the number purchased.
The indictment for embezzlement, which was demurred to, charges:
... [D]id willfully, unlawfully and feloniously embezzle and fraudulently appropriate to his own use (45) forty-five head of cattle valued at approximately $8,303.06, in good and lawful money of the United States of America, and the personal property of the Southeast Mississippi Livestock and Farmers Association, a corporation and did then and there willfully, unlawfully and fraudulently appropriate the same to his own use without the consent of the said Southeast Mississippi Livestock and Farmers Association, feloniously, embezzle the same and fraudulently and feloniously convert the same to his own use.
In considering the sufficiency of the indictment we recall to mind that embezzlement is a statutory crime not derivative of the common law. It is necessary, therefore, that the indictment contain the words of the statute or use their equivalent in charging the crime of embezzlement. In State v. Hinton, 139 Miss. 513, 104 So. 354 (1925), in addition to citing other related cases, we stated:
In alleging a statutory offense, the language of the statute or its equivalent must be used, ... (139 Miss. at 515, 104 So. at 355).
The issue on demurrer is whether the indictment charges embezzlement in the words, or their equivalent, of Section 2118, Mississippi Code 1942 Annotated (1956), which the State concedes it is based upon. The terms of the section are:
If any person shall fraudulently appropriate personal property or money which has been delivered to him on deposit, or to be carried or repaired, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, on conviction, he shall be punished by imprisonment in the penitentiary not more than ten years, or be fined not more than one thousand dollars and imprisoned in the county jail not more than one year, or either.
The great weight of authority informs that the crime of embezzlement emanates from the wrongful appropriation or conversion of property lawfully possessed. Our Court is in accord. Howington v. State, 256 So.2d 382 (Miss. 1972), and Jones v. State, 223 Miss. 812, 79 So.2d 273 (1955). Implicit in the wrongful appropriation or conversion is the breach of a fiduciary *525 or trust relationship. May v. State, 240 Miss. 361, 127 So.2d 423 (1961), and the cases cited therein.
The State argues, however, that Section 2118 is an exception to the general rule necessitating a violation of an entrustment since it begins with the words "if any person", thus signifying a person or persons in addition to fiduciaries. We are unable to reconcile our judgment to this reasoning since the words of the statute, following those quoted, clearly set forth, we think, the categories of possession within it, each of which is indicative of a trust or fiduciary relationship. They are: "Personal property or money ... (1) delivered to him on deposit, (2) or to be carried or repaired, (3) or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, ... ." We are of the opinion that when the words, "any person", of the statute are considered in relation to the remainder of the words of the section, it becomes apparent from the entirety that the type of possession referred to is none other than a trust. If this construction be correct, and we think it is, it necessarily follows that the trust or fiduciary relationship must be embodied in the charge of the indictment.
A comparison of it to the statutory essentials reveals an absence of the essential words or their equivalent. There was no deposit of property or money, no delivery of property to be carried or repaired. Neither was there mention of any other contract by which Grantham was bound to deliver or return the cattle received or their proceeds. Moreover, the indictment does not charge the violation of a trust. These omissions are fatal to the indictment since it did not advise the defendant of the charges against him so that he could properly prepare his defense. In Westmoreland v. State, 246 So.2d 487 (Miss. 1971), we stated the office of an indictment:
An indictment, of course, constitutes the "pleading" in a criminal case. Its office is to apprise the defendant of the charge against him in fair and intelligible language (1) in order that he may be able to prepare his defense, and (2) the charge must be laid with sufficient particularity of detail that it may form the basis of a plea of former jeopardy in any subsequent proceedings... . (246 So.2d at 489).
We conclude the lower court erred in overruling the demurrer to the indictment.
We have considered the evidence in detail and believe it appropriate to state that it totally failed to prove a wrongful conversion or appropriation of another's property lawfully possessed by the defendant. It proved only that the defendant forced his credit upon the association, not commendable perhaps, but nevertheless not a crime under our statutes.
The cause is reversed and the defendant discharged.
Reversed and defendant discharged.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.