SOUTHWICK, P.J.,
for the Court.
¶ 1. A circuit court jury found Arbie Jo Buckley guilty of capital murder. We find her argument that the indictment was fatally flawed to be valid. We reverse and order the indictment dismissed. We further order Buckley to remain in custody pending the action of the next grand jury.
¶ 2. There was evidence from George House that his wife, the defendant Arbie Jo Buckley, poured kerosene onto him as he lay on a sofa. The kerosene soaked into his clothes and also onto the sofa and floor of the trailer home in which he lay. She then threw a match onto him. He awoke to find himself on fire. His injuries were mortal ones, but before he died he gave an explanation of what happened. *1111 George House died and the trailer in which he was located was destroyed.
¶ 3. Buckley's testimony was that House had been angry and intoxicated, which caused her and their children to leave the trailer home. She then went to the sheriffs department for help. Upon returning to the trailer, she found it on fire. She said that she awoke her husband. Seeing the fire, House grabbed a nearby jug of kerosene, perhaps thinking it was watér. Buckley took the jug from him, but the kerosene spilled onto House. She tried but was unable to put out the fire.
¶ 4. Buckley was indicted, tried and convicted for capital murder with the underlying felony of arson. She received a life sentence after a jury trial and appeals.
DISCUSSION

1. Indictment

¶ 5. Buckley asserts that her indictment was fatally flawed' since it did not specify the degree of arson with which she was charged. She further argues that the facts set forth in the indictment do not fall within the scope of arson. The indictment charged Buckley in this way:
That, Arbie Jo Buckley, ... did wilfully, unlawfully and feloniously kill George House without authority of law. Arbie Jo Buckley was engaged in the commission of arson. Arbie Jo Buckley put a flammable liquid on George House and set him afire with or without any design to effect the death of George House, in direct violation of Section 97 — 3—19(2)(e).
¶ 6. The statute that is cited in the indictment is the one for capital murder. It requires that a person have been killed while the perpetrator was in the act of committing one of several felonies other than a homicide. It is not necessary that the accused have intended that the victim be killed; it is necessary that there exist an intent to commit the felony during which the death occurred:
(2) The killing of a human being without the authority of law by any means or in any manner shall be capital murder in the following cases:
[[Image here]]
(e) When done with or without any design to effect death, by any person engaged in the commission of the crime of rape, burglary, kidnapping, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or in any attempt to commit such felonies.
Miss.Code Ann. § 97-3-19(2)(e) (Rev. 2000).
¶ 7. According to the indictment, the arson that Buckley was committing and during the course of which George House was killed, was the setting of the victim himself on fire. The issue that this raises is whether intentionally putting a flammable liquid on a person and then causing it to ignite on the person constitutes the crime of arson. Is that instead initially the crime of aggravated assault using fire as the deadly weapon, and then a murder either by deliberate design or with a depraved heart if the person dies? See Miss. Code Ann. § 97-3-19(l)(a) & (b) (Rev. 2000). We note for clarity that we are not here concerned with what crime the evidence might have supported, but only whether the indictment actually charged the crime for which Buckley was convicted.
¶ 8. To answer this, we examine the statutory elements of arson. There are several arson crimes. The indictment did not list which one allegedly was being committed by Buckley when she set her husband on fire. Some clearly are inapplicable, such as the setting of woods or other lands on fire. Miss.Code Ann. § 97-17-13 *1112 (Rev.2000). We find the following to be the only ones worth analyzing on the charges against Buckley. Arson in the first degree has these elements:
(1) Any person who willfully and maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, whether occupied, unoccupied or vacant, or any kitchen, shop, barn, stable or other outhouse that is parcel thereof, or 'belonging to of adjoining thereto, or any state-supported school building in this state whether the property of himself or of another, shall be guilty of arson in the first degree, and upon conviction thereof, be sentenced to the penitentiary for not less than five (5) nor more than twenty (20) years and shall pay restitution for any damage caused.
Miss.Code Ann. § 97-17-1 (Rev.2000).
¶ 9. Arson in the third degree is defined in this manner:
Any person who wilfully and maliciously sets fire to or burns or causes to be burned, or who aids, counsels or procures the burning of any personal property of whatsoever class or character; (such property being of the value of twenty-five dollars and the property of another person), shall be guilty of arson in the third degree and upon conviction thereof, be sentenced to the penitentiary for not less than one nor more than three years.
Miss.Code Ann. § 97-17-7 (Rev.2000).
¶ 10. Obviously, neither statute supports the charging of arson for someone who deliberately and directly sets a person on fire. A person is not a building nor personal property. The different forms of the crime of arson are all in a section of the Code for “Crimes Against Property.” Miss.Code Ann. Title 97, Ch. 17 (Rev. 2000). Arson has been called both a crime against property and one against persons, as the primary protection being provided by criminalizing the burning of structures was to protect those occupying the building. Wayne R. LaFave, Substantive CRIMINAL Law, § 21.3 (2003). Still, regardless of the interests being protected, the crime traditionally required the burning of a structure, starting with dwellings at common law and then expanding to other kinds of buildings. Id. Here a structure did burn, namely the house trailer, but the indictment did not charge Buckley with killing her husband while burning down the trailer.
¶ 11. The legislature has the authority to redefine crimes from those in the common law. Walters v. Blackledge, 220 Miss. 485, 518, 71 So.2d 433, 446 (1954) (legislature may alter common law so long as does not affect vested rights); Miss. Code Ann. § 99-7-1 (Rev.2000) (recognizes that legislature may address common law crimes by statute). We must find that there is a statute which by reasonable interpretation permits the crime of arson to be charged based on the facts of setting a person on fire. We have found none. The two we quoted are the closest, but they are not anywhere near close enough.
¶ 12. This issue is not incidental or merely technical. For a variety of reasons, killing a person absent some special circumstances is almost never capital murder. No matter how depraved the act might be, the legislature has attempted to apply the federal constitutional rules on the proper utilization of the death penalty by defining capital crimes in very limited ways. To be capital murder, the homicide must have some special elements.
¶ 13. One statutory section permits the death penalty for the murder of law enforcement officers. Miss.Code Ann. § 97-3-19(2)(a) (Rev.2000). Murder by someone already serving a life sentence, mur *1113 der using an explosive device, and murder for hire, are all capital crimes. Miss.Code Ann. § 97 — 3—19(2)(b)—(d). The capital murder that this indictment charged was the form that requires that the death occur while a different, underlying felony was being committed. Miss.Code Ann. § 97-3-19(2)(e). Felony murder as a capital crime requires by definition two felonies to be involved, the homicide being the intentional or unintentional product of the other felony. The elements set out in the indictment against Buckley only charged one felony — that Buckley killed House by setting him on fire. That act is not a capital offense. It is a gruesome and terrible act, and likely was a capital crime before the statutory changes that have been made in response in light of the United States Supreme Court’s analysis that prohibited broadly available capital sentences. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Under current law, the indictment needed to set out a valid charge of two felonies, one the arson and the other a homicide that occurred during the commission of the arson.
¶ 14. The crime charged here was murder, the instrument used directly against the victim to cause death being fire. In order for Buckley to be charged with capital murder, she must be charged with arson by setting the house trailer or sofa on fire and that she killed her husband as a result. Though that would have been consistent with the statutes on capital murder, it may not have been supported by the evidence on this record. The State’s evidence was that House declared as he was dying from his wounds that Buckley had poured the kerosene on him and set him on fire, which then set the trailer ablaze. The indictment as written in this case did not charge capital murder.
¶ 15. Since the indictment does not charge the crime for which Buckley was convicted, we reverse the conviction. The failure of an indictment to charge the essential elements of a crime is a substantive defect which requires setting aside the conviction. Grantham v. State, 284 So.2d 523, 525 (Miss.1973). This judgment of conviction is set aside because a conviction for capital murder cannot be upheld based on an indictment that did not charge capital murder. In such eventualities, the Supreme Court has remanded the defendant to the custody of the relevant sheriff to await action of the next grand jury. Copeland v. State, 423 So.2d 1333, 1337 (Miss.1982). We do that here.
¶ 16. There is no issue of double jeopardy. We are not finding that Buckley should have been acquitted. We instead are finding that the indictment did not charge the crime for which she was convicted. The error here was not an absence of sufficient evidence, for which no retrial could be conducted, but the absence of a proper charging instrument.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF PANOLA COUNTY IS REVERSED AND RENDERED. ARB IE JO BUCKLEY IS REMANDED TO THE CUSTODY OF THE SHERIFF OF PANOLA COUNTY TO AWAIT THE ACTION OF THE NEXT GRAND JURY. ALL COSTS ARE TAXED TO PANOLA COUNTY.
KING, C.J., BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ, CONCUR.